Thomas A. Telesca, Esq.
Ruskin Moscou Faltischek, P.C.
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, New York  11556
(516) 663-6600
ttelesca@rmfpc.com
*Attorney for Defendant Level Group Inc.*

**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **In Re: Real Estate Commission Litigation**,<br><br>This document relates to: *March v. REBNY et al.*, Case No. 1:23-cv-09995-JGLC-RWL, In the United States District Court for the Southern District of New York | MDL No. 3100<br><br>**DECLARATION OF**<br>**THOMAS A. TELESCA, ESQ.** |

Pursuant to 28 U.S.C. §1746, Thomas A. Telesca, Esq. hereby declares as follows:

1. I am a partner at Ruskin Moscou Faltischek, P.C., attorney for defendant Level Group Inc. ("Level Group"), which is a defendant in *March v. REBNY et al.*, Case No. 1:23-cv-09995-JGLC-RWL, in the United States District Court for the Southern District of New York (the "SDNY Action").  I make this declaration based on my own personal knowledge, a review of the Complaint filed by the plaintiff in the SDNY Action, and conversations with representatives of Level Group.

2. I submit this declaration in opposition to the Motion for Transfer to the Western District of Missouri, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings (the "Motion") by the plaintiffs in *Gibson et. al. v. National Association of Realtors et. al.* and *Umpa v. National Association of Realtors et. al.* (the "Plaintiffs").

1

3. For the reasons set forth herein, and in the response in opposition filed by the Real Estate Board of New York, Inc. ("REBNY") and the REBNY Residential Listing Service ("RLS"), Plaintiffs' Motion should be denied. In this regard, Level Group (a) joins in the opposition filed by REBNY and RLS made of even date herewith, and (b) adopts as applicable to Level Group each and every fact, contention, and argument set forth in the REBNY's and RLS's opposition as if Level Group had filed its own opposition and supporting papers seeking denial of Plaintiffs' Motion.

4. Level Group has not been named as a defendant in any other cases listed on the Schedule of Actions filed by Plaintiffs (MDL No. 3100 ECF Doc. 2).

5. Just like REBNY and RLS, Level Group has no affiliation with the National Association Realtors ("NAR").

6. Level Group does not use, and has not adopted, the NAR Rules, the NAR Handbook on Listing Policy, or the NAR Code of Ethics (collectively, the "NAR Rules").

7. It bears emphasis that NAR was not named as a defendant in the SDNY Action, which is premised on REBNY's and RLS's own rules and does not implicate NAR Rules.

8. Level Group has no presence outside of New York City.

9. The plaintiff's allegations in the SDNY Action are limited to a relevant geographic market including only Manhattan.

10. Thus, Level Group respectfully submits that the SDNY Action is factually distinct from the other cases Plaintiffs seek to coordinate or consolidate.

11. Based on the foregoing, it is respectfully requested that Plaintiffs' Motion to Transfer pursuant to 28 U.S.C. § 1407 be denied with respect to the SDNY Action and any other

litigation involving REBNY and RLS, and that the Panel grant such other and further relief as it deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 26, 2024

*/s/ Thomas A. Telesca*
Thomas A. Telesca, Esq.
