BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re: Real Estate Commission Antitrust Litigation | § § § § | MDL No. 3100 |

### DEFENDANT THE LOKEN GROUP, INC.'S
### SUPPLEMENT TO RESPONSE IN OPPOSITION TO MOTION TO TRANSFER

1. This Supplement to the Response to the Motion for Transfer of Actions to the Western District of Missouri Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings is filed on behalf of Defendant The Loken Group, Inc.

2. The Loken Group, Inc. joined and adopts the Texas Defendants' Response in Opposition to Missouri Plaintiffs' Motion for Transfer of Actions to the Western District of Missouri Pursuant to 28 U.S.C. §1407 for Coordinated or Consolidated Pretrial Proceedings. This separate Supplement is filed to emphasize considerations unique to The Loken Group, Inc. which would make consolidation in a Missouri MDL particularly burdensome and unfair to The Loken Group, Inc.

3. Defendant the Loken Group, Inc. ("Loken") is a Texas corporation. Lance Loken holds a Texas real estate agent license. Loken has a small team of only twenty (20) producing real estate agents. Neither Lance Loken nor any agent on his team is a licensed real estate broker. Rather, they work under a separate real estate broker that has not been named as a defendant in either of the cases in Texas. Loken is a Defendant in the two Texas cases. During the time period identified in the respective petitions, Loken only listed and sold real property in the State of Texas. The vast majority, if not all, of the real estate transactions in which Loken was involved during the relative time period were in the greater Houston metropolitan area.

4. The Loken business model involves unique facts not common to the real estate companies and traditional brokerages and certainly not related to businesses/entities in other states.

5. Loken has retained and is paying separate counsel to defend this case. Loken is not being indemnified or funded in his defense by any other Defendants in this case. Forcing Loken to participate in a nationwide litigation, when the claims against it are exclusively in Texas, would exponentially and unfairly increase its defense cost and would essentially preclude it from presenting the best defense. *See In re IBM Antitrust Litig.,* 328 F. Supp. 509, 510 (J.P.M.L. 1971). Loken is entitled to advance a defense which presents its unique facts and circumstances.

6. Forcing Loken to such an outcome would neither be reasonable nor fair. *See* In re Brandywine Assocs. Antitrust & Mortg. Foreclosure Litig., 407 F. Supp. 236, 238 (J.P.M.L. 1976) (considering factors weighing against transfer of a case involving in-state parties, counsel, and witnesses "to an out-of-state forum" MDL proceeding and declining to order a transfer).

## CONCLUSION

For the reasons stated above, the Panel should deny the Motion for Transfer of Actions to the Western District of Missouri Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings filed by Plaintiffs Don Gibson, Lauren Criss, John Meiners, and Daniel Umpa. In the alternative, if the Panel grants the Motion, the Panel should exclude the *QJ Team*/*Martin* cases and The Loken Group, Inc. from the MDL action.

Respectfully submitted,

By. /s/ K. Annette Disch
    K. Annette Disch
    State Bar No: 00785822
    Gauntt Koen Binney & Kidd, LLP
    25700 I-45 North, Suite 130
    Spring, Texas 77386
    281-367-6555 Telephone
    281-367-3705 Facsimile
Email: Annette.disch@gkbklaw.com
    Attorney for The Loken Group, Inc.