**UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
**MDL No. 3100**

**IN RE: Real Estate Commission Antitrust Litigation**
_____

This document relates to: *March v. REBNY et al.,*
Case No. 1:23-cv-09995-JGLC-RWL, In the United States
District Court for the Southern District of New York
_____

**RESPONSE BRIEF OF CORE GROUP MARKETING LLC**
**IN OPPOSITION TO THE MOTION FOR TRANSFER AND CENTRALIZATION TO**
**THE WESTERN DISTRICT OF MISSOURI PURSUANT TO 28 U.S.C. § 1407**

Stern Tannenbaum & Bell LLP
380 Lexington Avenue
New York, New York 10168
(212) 792-8484
*Attorneys for Defendant*
*CORE Group Marketing LLC*
*s/h/a Core Marketing Services LLC*

**UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
**MDL No. 3100**

**IN RE: Real Estate Commission Antitrust Litigation**

———————————————————————

This document relates to: *March v. REBNY et al.,*
Case No. 1:23-cv-09995-JGLC-RWL, In the United States
District Court for the Southern District of New York

———————————————————————

### RESPONSE BRIEF OF CORE GROUP MARKETING LLC IN OPPOSITION TO THE MOTION FOR TRANSFER AND CENTRALIZATION TO THE WESTERN DISTRICT OF MISSOURI PURSUANT TO 28 U.S.C. § 1407

CORE Group Marketing LLC ("CORE"), s/h/a Core Marketing Services LLC, respectfully submits this Response Brief in support its opposition to the motion for transfer and centralization (the "Transfer Motion") filed by plaintiffs (together the "W.D. Mo. Plaintiffs") in Gibson v. Nat'l Ass'n of Realtors[1] and Umpa v. Nat'l Ass'n of Realtors[2] (together the "W.D. Mo. Actions"). Upon information and belief, both actions are pending in the Federal District Court for the Western District of Missouri.

CORE joins in all of the arguments opposing the Transfer Motion set forth in the Brief (and accompanying declaration of Claude G. Szyfer) (the "REBNY Opposition") of co-defendants Real Estate Board of New York ("REBNY") and REBNY Residential Listing Service ("RLS," together with REBNY, "REBNY") in the action captioned March v. Real Estate Board of New York, et al., Civil Action No. 1:23-cv-09995 (JGLC) (RWL), pending in Federal District Court for the Southern District of New York (the "March Action").[3]

———————————

[1] Case No. 4:23-cv-788-SRB (W.D. Mo.).

[2] Case No. 4:23-cv-945 (W.D. Mo.).

[3] CORE expressly reserves its rights to raise any arguments or grounds for dismissal in the March Action.

Unlike the other defendants named in the cases the W.D. Mo. Plaintiffs seek to consolidate, as stated in the REBNY Opposition, REBNY does not have any affiliation with the National Association of Realtors ("NAR"), and does not use the NAR Rules, the NAR Handbook on Listing Policy (the "NAR Handbook") or the NAR Code of Ethics.[4]  As explained below and set forth in the accompanying Declaration of Brittley Wise (the "Wise Dec."),[5] CORE is a member of REBNY, but it is not and never has been a member of NAR.  (Wise Dec. ¶ 8.)  Further, and significantly, NAR is not named as a defendant in <u>March</u>, which is premised solely upon REBNY's own rules and does not implicate any NAR Rules.  Further, the marketplace involved in the March Action is limited to Manhattan, a unique market very different from most, if not all, of the marketplaces at issue in the W.D. Mo. Action and the NAR Cases.  Accordingly, like REBNY, CORE respectfully submits that <u>March</u> is factually distinct from both the NAR Cases and the W.D. Mo. Actions, and therefore the Transfer Motion should be denied with respect to <u>March</u>.

In summary, as stated, CORE joins in and agrees with all of the arguments made by REBNY in the REBNY Opposition as to why transfer and centralization of the March Action with the W.D. Mo. Actions is not appropriate and why consolidation would not serve either judicial or party resources.  Additionally, for the following reasons, which are set forth in the Wise Dec., it would be unjust specifically as to CORE and would not serve the requisite criteria for CORE to be forced to defend itself in Missouri or indeed anywhere outside of New York.

___

[4] Each of the cases listed on Schedule A, with the exception of <u>March,</u> are collectively referred to herein as the "NAR Cases."  CORE does not take a position as to whether some or all of the NAR Cases should be transferred and consolidated as requested.

[5] Ms. Wise is CORE's Chief Operating Officer.

2

## FACTUAL BACKGROUND

### CORE SHOULD NOT BE COMPELLED TO DEFEND THE MARCH ACTION OUTSIDE OF THE SOUTHERN DISTRICT OF NEW YORK

CORE is a domestic limited liability company duly organized under the laws of the State of New York and authorized to do business in the State of New York as a licensed real estate broker. (Wise Dec. ¶ 4.)

CORE is a boutique real estate brokerage firm that specializes in residential real estate transactions. Specifically, CORE acts as a broker <u>solely</u> in the New York City boroughs of Manhattan, the Bronx, Queens and Brooklyn. CORE does <u>not</u> perform any brokerage services any place other than in these boroughs of New York City, nor does it do any type of business anywhere other than within New York State. (Wise Dec. ¶ 5.)

As set forth in the REBNY Opposition, there are distinctions between NAR's Rules, Code of Ethics and Handbook and REBNY's Rules and Code of Ethics. Of course, it is <u>NAR's</u> Rules, Code of Ethics, and Handbook, <u>not REBNY's</u>, that are at the heart of the NAR Cases as well as the W.D. Mo. Actions. CORE believes the distinctions between NAR's Rules, Code of Ethics and Handbook and REBNY's Rules and Code of Ethics are meaningful and significantly distinguish the March Action from both the W.D. Mo. Actions <u>and</u> the NAR Cases.

And like REBNY, other than the March Action pending in the Southern District of New York, CORE is <u>not</u> a named defendant in either the W.D. Mo. Actions or any of the NAR Cases.

Moreover, again, CORE is a member of REBNY but is not and never has been a member of NAR, and does not conduct any business with NAR. (Wise Dec. ¶ 8.)

In short, and in direct contrast to statements made in the Transfer Motion, CORE is <u>not</u> "subject to NAR's control and influence." (<u>See</u> Brief in Support of Gibson and Umpa Plaintiffs'

3

Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 ("Centralization Brf."), p. 3). NAR's Rules, Code of Ethics and Handbook are an irrelevancy to CORE.

Further, CORE has appeared by counsel and intends to defend itself in the March Action. As appropriate, CORE also intends to introduce its procedures and practices that make plain that consistent with REBNY's Rules and Code of Ethics, CORE does not require sellers which it represents to make mandatory offers of compensation to agents, and thus neither NAR's nor any other entity's "Buyer Broker Compensation Rules" apply to it. Further, CORE does not require that any broker compensation that is offered be set in some designated amount (for example, 6% of the net sales price of a property). Instead, commission amounts are always negotiable up to the time of (and sometimes after) contract. Further, CORE prohibits its affiliated agents from discussing or negotiating commission rates with counterparty agents. And CORE does not solely co-broker transactions with other REBNY member firms, but rather co-brokers transactions with any brokerage firm and/or agent as long as the counter-party brokerage firm is duly licensed in New York. Finally, CORE uses its own bespoke sales agreements. (Wise Dec. ¶ 9.)

In addition, any witnesses for CORE, which likely would be either Ms. Wise as COO and/or CORE's Chief Executive, Shaun Osher, reside in New York. (Wise Dec. ¶ 10.)

The expense of having to litigate in a jurisdiction outside of New York also could pose a significant burden on CORE, especially if it is forced to retain local counsel and/or incur travel expenses for existing counsel, party representatives and/or witnesses. (Wise Dec. ¶ 11.)

Therefore, there are fundamental differences between the March Action and the NAR Cases and the W.D. Mo. Actions, most specifically that neither the March Action, nor REBNY, nor specifically CORE, have anything to do with NAR, and therefore the W.D. Mo. Actions and

the NAR Cases on the one hand, and the March Action on the other, do <u>not</u> involve common questions of fact or common discovery.

## ARGUMENT

Pursuant to 28 U.S.C. § 1407(a), the Joint Panel on Multidistrict Litigation (the "JPML") is authorized to transfer actions "pending in different districts" to a single district "for coordinated or consolidated pretrial proceedings."   The W.D. Mo. Plaintiffs, however, bear the burden of proving that transfer for these purposes is warranted.   <u>In re: Hercules Offshore, Inc. Secs. & Derivative Litig.</u>, 816 F. Supp. 2d 1377, 1377 (J.P.M.L. 2011).   And under 28 U.S.C. § 1407 transfer for coordinated or consolidated pretrial proceedings is authorized only where: (1) the "actions involve[] one or more common questions of fact;" (2) transfer will further "the convenience of the parties and witnesses;" and (3) transfer "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).   As set forth in the REBNY Opposition and in the Wise Dec., each of these factors weighs heavily against consolidation of <u>March</u>.   This is particularly true because "'centralization under Section 1407 should be the last solution after considered review of all other options …'"   <u>In re: Bank of America Fraudulent Account Litig.</u>, MDL No. 3088, 2023 WL 8538726 at *2 (J.P.M.L. Dec. 6, 2023) (quoting <u>In re: Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.</u>, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011) and citing <u>In re Gerber Probiotic Products Marketing and Sales Practices Litigation</u>, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012)).

The existence of one or more common questions of fact is the <u>sine qua non</u> of granting a motion for centralization.   As detailed in the REBNY Opposition and in the Wise Dec., the March Action does <u>not</u> fundamentally involve "one or more common questions of fact" with either the NAR Cases or the W.D. Mo. Actions.   That is because despite the W.D. Mo. Plaintiffs sweeping,

but baseless argument to the contrary, there are grossly insufficient "common questions of fact" as respects the March Action primarily because <u>March</u> does <u>not</u> "allege antitrust violations relating to rules adopted by the National Association of Realtors (NAR) and Multiple Listing Services (MLSs) that govern the conduct of residential real estate brokers and agents nationwide" (<u>see</u> Centralization Brf. pp. 1, 7–8), and instead, as stated, the March Action has nothing to do with NAR Rules, Code of Ethics, or Handbook.

Moreover, given the lack of any overlap between and among the relevant cases, it is plain that the W.D. Mo. Plaintiffs have not met their burden of demonstrating that transfer will "further the convenience of the parties and witnesses," or promote "the just and efficient conduct of such actions." Instead, transfer and consolidation will inconvenience co-defendants in the March Action, such as CORE, which will be forced to participate, at likely significantly increased expense and inconvenience, in discovery and pre-trial proceedings despite that the majority of such discovery and pre-trial proceedings will have nothing to do with developing key factual allegations in the March Action. <u>Cf</u>. <u>In re Uber Techs., Inc., Data Sec. Breach Litig</u>., 304 F. Supp. 3d 1351, 1353 (J.P.M.L. 2018).

Finally, at least as respects CORE, and likely other co-defendants in the March Action, respectfully, the JPMDL should factor in that absent the multi-district context authorized under 28 U.S.C. § 1407, personal jurisdiction could not be properly asserted over CORE in Missouri or indeed in any state outside of New York under the Fourteenth Amendment or otherwise. That is because (i) CORE does not do business outside of New York, indeed, it limits its real estate brokerage services to only four of New York City's five boroughs, (ii) it has none of the requisite "minimum contacts" under <u>International Shoe v. Washington State</u>, 326 U.S. 310 (1945) and its progeny, (iii) it has not consented to jurisdiction in any state other than New York, and (iv) it has

not been served in Missouri or in any state other than New York.  Coupled with the W.D. Mo. Plaintiffs' failure to meet the requisite criteria under 28 U.S.C. § 1407(a), the patent lack of personal jurisdiction over CORE (and likely other defendants) militates in favor of denying the Transfer Motion.

## CONCLUSION

For all these reasons stated herein, as well as the reasons set forth in the accompanying Wise Dec., and in the REBNY Opposition, CORE respectfully requests that the JPMDL deny centralization and transfer of the March Action to the Western District of Missouri.

Dated: New York, New York
      January 26, 2024

STERN TANNENBAUM & BELL LLP

By:      */ David S. Tannenbaum /*
         David S. Tannenbaum
         Rosemary Halligan
         Jessica Eyland
     380 Lexington Avenue
     New York, New York 10168
     (212) 792-8484 (Telephone)
     (212) 792-8489 (Facsimile)
     *Attorneys for Defendant*
     *CORE Group Marketing LLC*
     *s/h/a Core Marketing Services LLC*

115035

7