BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: Real Estate Commission Antitrust Litigation | § § § § | MDL No. 3100 |

## DEFENDANT MARK ANTHONY DIMAS' SUPPLEMENT TO RESPONSE IN OPPOSITION TO MOTION TO TRANSFER

1. This Supplement to the Response to the Motion for Transfer of Actions to the Western District of Missouri Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings is filed on behalf of Defendant Mark Anthony Dimas.

2. Mark Anthony Dimas joined and fully adopts the Texas Defendants' Response in Opposition to Missouri Plaintiffs' Motion for Transfer of Actions to the Western District of Missouri Pursuant to 28 U.S.C. §1407 for Coordinated or Consolidated Pretrial Proceedings. This separate Supplement is filed to emphasize considerations unique to Mark Anthony Dimas which would make consolidation in a Missouri MDL particularly burdensome and unfair to Mark Anthony Dimas.

3. Defendant Mark Anthony Dimas ("Dimas") holds a Texas real estate broker license. Dimas has a small team that works with him doing business as Mark Dimas Properties. That team consists of only twenty-two (22) producing real estate agents. Dimas is a Defendant in the two Texas cases. During the time period identified in the respective petitions, Dimas only listed and sold real property in the State of Texas. The vast majority, if not all, of the real estate transactions in which Dimas was involved during the relative time period were in the greater Houston metropolitan area.

4. The Dimas business model involves unique facts not common to the real estate companies and traditional brokerages and certainly not related to businesses/entities in other states.

5.  Dimas has retained and is paying separate counsel to defend this case. Dimas is not being indemnified or funded in his defense by any other Defendants in this case. Forcing Dimas to participate in a nationwide litigation, when the claims against him are exclusively in Texas, would exponentially and unfairly increase his defense cost and would essentially preclude him from presenting the best defense. *See In re IBM Antitrust Litig.,* 328 F. Supp. 509, 510 (J.P.M.L. 1971). Dimas is entitled to advance a defense which presents his unique facts and circumstances.

6.  Forcing Dimas to Such an outcome would neither be reasonable nor fair. *See* In re Brandywine Assocs. Antitrust & Mortg. Foreclosure Litig., 407 F. Supp. 236, 238 (J.P.M.L. 1976) (considering factors weighing against transfer of a case involving in-state parties, counsel, and witnesses "to an out-of-state forum" MDL proceeding and declining to order a transfer).

## CONCLUSION

For the reasons stated above, the Panel should deny the Motion for Transfer of Actions to the Western District of Missouri Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings filed by Plaintiffs Don Gibson, Lauren Criss, John Meiners, and Daniel Umpa. In the alternative, if the Panel grants the Motion, the Panel should exclude the *QJ Team*/*Martin* cases and Defendant Mark Anthony Dimas from the MDL action.

Respectfully submitted,

By. /s/ K. Annette Disch
K. Annette Disch
State Bar No: 00785822
Gauntt Koen Binney & Kidd, LLP
25700 I-45 North, Suite 130
Spring, Texas 77386
281-367-6555 Telephone
281-367-3705 Facsimile
Email: Annette.disch@gkbklaw.com
Attorney for Mark Anthony Dimas