**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

|  |  |
|---|---|
| In re REAL ESTATE COMMISSION ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) MDL Case No. 3100 |

**RESPONSE OF ENGEL & VÖLKERS AMERICAS, INC. IN OPPOSITION TO *GIBSON* AND *UMPA* PLAINTIFFS' MOTION FOR TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407**

PILLSBURY WINTHROP SHAW
PITTMAN LLP
1200 Seventeenth Street, N.W.
Washington, D.C. 20036
t +1.202.663.8000

31 West 52nd Street
New York, NY 10019-6131
t +1.212.858.1000

*Counsel for Engel & Völkers Americas, Inc.*

## I. INTRODUCTION

Defendant Engel & Völkers Americas, Inc. ("E&V Americas"), a defendant in a single transfer candidate, *Hooper v. The National Association of Realtors,* Case No. 1:23-cv-05392-SEG (N.D. Ga.), respectfully submits this brief in opposition to the Motion of Plaintiffs for Transfer of Actions to the Western District of Missouri Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings (Dkt. 1); *see also* Dkt. 1-1 ("Motion"). E&V Americas, a franchisor of independent brokers, opposes the transfer and consolidation into a multidistrict litigation (MDL) of two transfer candidates from the Southern District of New York in which a related entity, Engel & Völkers New York Real Estate LLC ("E&V New York"), is a named defendant, for the reasons stated in E&V New York's separate brief.[1] E&V Americas does not, however, oppose consolidation of *Hooper* with other actions alleging conspiracies centered around rules promulgated by the National Association of Realtors ("NAR") into an appropriate district other than the Western District of Missouri.

## II. ARGUMENT

E&V Americas opposes the Motion's request for centralization in the Western District of Missouri. Following the trial verdict there in *Burnett*, Movants filed their own cases in that district; and now they are seeking to force all purportedly related cases into the Western District of Missouri. As explained in E&V New York's brief, the Western District of Missouri is, under the circumstances presented, not a neutral forum. *See* E&V New York Brief at 13-15. The JPML has recognized in such circumstances that centralization in

---

[1] *See* Dkt. 272, Response of Engel & Völkers New York Real Estate LLC in Opposition to *Gibson* and *Umpa* Plaintiffs' Motion for Transfer and Centralization Pursuant to 27 U.S.C. § 1407 ("E&V New York Brief") (opposing centralization for *March v. Real Estate Board of New York*, Case No. 1:23-cv-09995-JGLC (SDNY) and *Friedman v. Real Estate Board of New York, Inc.*, Case No. 1:24-cv-00405 (SDNY) (collectively, the "REBNY cases")). Unlike nearly all the other cases identified for potential consolidation, the REBNY cases neither name the National Association of Realtors as a defendant nor involve NAR's rules. E&V New York also supports the position of E&V Americas here.

1

the venue of a prior trial verdict is inappropriate. *See In re Silicone Gel Breast Implants Prods. Liab. Litig.*, 793 F. Supp. 1098, 1100 (J.P.M.L. 1992).

Moreover, the Western District of Missouri is neither the most convenient nor efficient venue for managing the cases identified as candidates for centralization. As an initial matter, the Western District of Missouri is not uniquely qualified to handle these cases. Many courts, including the Northern District of Geogia, the current venue of *Hooper*, have multiple judges experienced with MDL management.[2] There are also several other venues that are more convenient than the Western District of Missouri to parties scattered nationwide and that would be more appropriate venues for centralization of these cases, including the following:

- **Chicago:** The Northern District of Illinois is superior to the Western District of Missouri as a centralized venue for the reasons articulated in the submission of the National Association of Realtors. *See* Dkt. 196. As noted in NAR's brief, there are several judges in that district who are well qualified to manage this MDL. *See id.* at 13-18.

- **Dallas/Eastern District of Texas:** The Eastern District of Texas is the venue of two of the candidates for consolidation, and several defendants are based in Texas. NAR also does not object to an MDL in the Eastern District of Texas. *See* Dkt. 196 at 18. Generally, Texas is a central location, although other venues in Texas would be far more convenient for out-of-state parties, such as Dallas. Although Dallas is only an hour from Sherman, it would be less burdensome for the Texas-based parties to travel to Dallas than for the nationwide parties to fly to Dallas *and* drive to Sherman.

---

[2] For instance, Judge Thrash has overseen an impressive eleven MDLs to completion, some with hundreds of separate actions, in the Northern District of Georgia.

- o **Pittsburgh**: The Western District of Pennsylvania is the venue of one of the candidates for consolidation, and it is also headquarters to several defendants. Pittsburgh is also centrally located and offers a major airport.

Ultimately, E&V Americas is not opposed to centralization of cases (like *Hooper*) that allege antitrust conspiracies arising from NAR's rules, provided that centralization occurs in a neutral and convenient forum.

## III. CONCLUSION

For the for the foregoing reasons, Engel & Völkers Americas respectfully requests that the Panel (1) exclude from centralization any cases, like *Friedman* and *March*, that do not allege antitrust claims arising from NAR's rules; and (2) centralize the related cases, if anywhere, in a jurisdiction other than the Western District of Missouri.

Dated: January 26, 2024

Respectfully submitted,

Michael L. Sibarium
Drew A. Navikas
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, N.W.
Washington, D.C. 20036
t + 202.663.8000
michael.sibarium@pillsburylaw.com
drew.navikas@pillsburylaw.com

Kenneth W. Taber
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019-6131
t +1.212.858.1000
kenneth.taber@pillsburylaw.com

*Counsel for Engel & Völkers Americas, Inc.*

3