BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **In re: Real Estate Commission Litigation** | **MDL. No. 3100** |

### RESPONSE OF DEFENDANT UNITED REAL ESTATE TO MOTION FOR TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407

Defendant United Real Estate ("United"), by and through its undersigned counsel and pursuant to Rule 6.1(c) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation (the "Panel"), submits this Response to *Gibson* and *Umpa* Plaintiffs' Motion for Transfer and Centralization to the Western District of Missouri pursuant to 28 U.S.C. § 1407 (ECF No. 1) (the "Motion").

### ARGUMENT

United supports the centralization under 28 U.S.C. § 1407 of the actions identified in the Motion. However, United disagrees that the Western District of Missouri is the most appropriate district for centralization. Instead, United submits that the Panel should centralize the action in the Eastern District of Texas. United would also not oppose transfer to the Western District of Pennsylvania or the Northern District of Illinois.

**I.  The Panel Should Centralize in the Eastern District of Texas rather than the Western District of Missouri**

The Eastern District of Texas is the most appropriate choice for the transferee district. Not only is United Real Estate's parent company headquartered in Texas, but dozens of the defendants named in the Motion-identified actions also call Texas home. In contrast, relatively few defendants are headquartered in Missouri, making the evidence in this case much more likely to be found in

1

Texas than Missouri. *See In re Lithium Ion Batteries Antitrust Litig*., 923 F. Supp. 2d 1370, 1371 (J.P.M.L. 2013) ("relevant documents and witnesses may be found in the [district] as several defendants have major facilities or lithium ion battery business in or near the district"). Moreover, with the other parties in the Motion-identified actions and their counsel scattered across the country, the Eastern District of Texas location—more specifically the federal district courthouse in Plano in which Judge Jordan (who presides over *QJ Team* and *Martin*) sits—is far more convenient for travel. Unlike Kansas City, Dallas is home to two large commercial airports that serve as hubs for two major airlines, American Airlines and Southwest Airlines, and feature multiple daily direct flights to most large and mid-sized cities.

While United understands that the Eastern District of Texas has a relatively high caseload, it boasts a short average time from filing to trial of only nineteen months.[1] Moreover, Judge Jordan, unlike Judge Bough (who presides over *Gibson* and *Umpa*), is not currently presiding over an MDL. In fact, this Panel has not yet assigned Judge Jordan an MDL. Given his background and current handling of *Texas et al. v. Google, LLC*,[2] a multi-state antitrust enforcement litigation, Judge Jordan is certainly capable of evaluating complex antitrust issues and ensuring an efficient and effective proceeding.

Finally, while the *Gibson* and *Umpa* Plaintiffs claim that the Western District of Missouri has the advantage as the site of the first filed case, which happens to be pending before Judge Bough who also presided over the *Burnett* trial, in reality, the district is simply the target of their calculated forum shopping. *Gibson* was filed on the same day that *Burnett* delivered its verdict. And, *Umpa* was filed on the same day that the Motion was filed with this Panel. Both *Gibson* and

---

[1] *See* U.S. COURTS, *Federal Court Management Statistics: U.S. District Courts - Federal Court Management Statistics–Profiles* (September 30, 2023), https://www.uscourts.gov/report-name/federal-court-management-statistics.

[2] *Texas et al. v. Google, LLC,* No. 4:20-cv-00957-SDJ (E.D. Tex.).

2

*Umpa* seek certification of a nationwide class against defendants from across the country—with the named plaintiff in *Umpa* having absolutely no connection to Missouri. The Western District of Missouri is not the unbiased superior district to host this centralized action; it is simply Plaintiffs' perceived best choice.

**II.     United Does Not Oppose Transfer to the Western District of Pennsylvania or the Northern District of Illinois**

As an alternative to the Eastern District of Texas, United does not oppose transfer of the Motion-identified actions to the Western District of Pennsylvania or the Northern District of Illinois for the reasons described in the responses by other defendants.

## **CONCLUSION**

The Panel should centralize the actions identified in the Motion and transfer them to the Eastern District of Texas or, in the alternative, to the Western District of Pennsylvania or Northern District of Illinois.

Dated:  January 26, 2024                                             Respectfully submitted,

*/s/ Timothy R. Beyer*
Timothy R. Beyer
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, #4100
Denver, CO 80203
Telephone: (303) 866-7000
Email: tim.beyer@bclplaw.com


*Attorneys for United Real Estate*