BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re: Real Estate Commission Litigation | ) ) ) ) ) ) ) ) | MDL. No. 3100 |

**RESPONSE OF DEFENDANT KELLER WILLIAMS REALTY, INC.
TO PLAINTIFFS' MOTION FOR TRANSFER AND CENTRALIZATION
PURSUANT TO 28 U.S.C. § 1407**

Keller Williams Realty, Inc. ("Keller Williams") shares the views of the HomeServices Defendants that centralization is unnecessary and inappropriate here and joins and incorporates the arguments expressed by HomeServices in its submission. ECF No. 251. Like the HomeServices Defendants, Keller Williams is a defendant in first-filed *Moehrl v. NAR*, 1:19-cv-01610 (N.D. Ill.), and was a co-defendant with the HomeServices Defendants in the recent trial to verdict in *Burnett v. NAR*, 4:19-cv-332 (W.D. Mo.). Based on that extensive experience, Keller Williams agrees with the HomeServices Defendants that there are few efficiencies to be gained by centralization when important issues concerning defendants' involvement in alleged conspiracies concerning multiple listing service rules and cooperative compensation will turn on local discovery into the activities of dozens of individual local defendants. Coordination over any additional discovery plaintiffs will need from the few defendants like Keller Williams that are involved in multiple cases can be managed informally, as it has been during the pendency of the *Moehrl*, *Burnett*, and other related cases.

Keller Williams writes separately to express its views as to the appropriate transferee district should the Panel determine that centralization would nevertheless be appropriate. Any benefits of centralization would best be served by transfer of pending cases to the Eastern District

1

of Texas, a convenient, centrally located district in which two of the cases identified by the Moving Plaintiffs are currently pending, where dozens of individual defendants are located, and which is near Keller Williams' headquarters in Austin, Texas. Keller Williams also would not oppose centralization in the Northern District of Illinois for the reasons expressed by the National Association of REALTORS® ("NAR"), but believes that the Western District of Missouri would not be an appropriate transferee district.

1. **The Eastern District of Texas Is the Most Appropriate Transferee District if the Panel is Inclined to Consolidate Pretrial Proceedings Despite Objections to Transfer and Centralization.**

The Eastern District of Texas would be the most appropriate destination for the MDL if the Panel is inclined to transfer pending cases to a single district. Two of the cases identified by the Moving Plaintiffs for transfer are pending in the district, *QJ Team v. Texas Ass'n of Realtors, Inc.*, No. 4:23-cv-01013 (E.D. Tex.), and *Martin v. Texas Ass'n of Realtors, Inc.*, No. 4:23-cv-01104 (E.D. Tex.). *QJ Team* and *Martin* involve 46 Texas-based defendants that are named only in one or both of those cases and are not named in either of the cases pending in the Western District of Missouri or in any other cases pending outside of Texas. It would be most convenient and efficient for that large group of defendants to remain in their original district through pretrial proceedings. *QJ Team* and *Martin* also involve the HomeServices Defendants and Keller Williams, which are two of only nine defendants to be named in three or more actions. Texas is also home to Keller Williams, based in Austin, and to United Real Estate, based in Dallas and a defendant in *Gibson v. NAR*, No. 4:23-cv-788 (W.D. Mo.) and *Umpa v. NAR*, No. 4:23-cv-945 (W.D. Mo.) in the Western District of Missouri (but not in *QJ Team* or *Martin*). *See In re: Libor-Based Fin. Instruments Antitrust Litig.*, 802 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011) (centralizing MDL in district in convenient proximity to defendants).

The Eastern District of Texas would also be the most convenient location of the locations presented in the cases designated by Moving Plaintiffs for transfer. The federal courthouse in which Judge Sean Jordan (to whom the *QJ Team* and *Martin* cases are currently assigned) presides is in Plano, Texas, just over twenty miles from two airports serving the Dallas, Texas area, Dallas/Fort Worth International Airport (an American Airlines hub) and Dallas Love Field Airport (a Southwest Airlines hub). Direct flights into Dallas are available from hundreds of locations around the country. Convenience of the transferee district to litigants has been a factor the Panel has considered in the past in selecting where to centralize proceedings in an MDL. *See, e.g., In re Air Cargo Shipping Servs. Antitrust Litig.*, 435 F. Supp. 2d 1342, 1344 (J.P.M.L. 2006) (considering the ease of access in determining the appropriate transferee court).

The Eastern District of Texas currently oversees only a single MDL,[1] *see In re Chantix (Varenicline) Prods. Liab. Litig.*, 655 F. Supp. 2d 1346, 1346–47 (J.P.M.L. 2009) (noting that the transferee district "currently is home to only one multidistrict litigation proceeding"), and the Panel has not yet assigned an MDL to Judge Jordan. *See, e.g.*, *In re TransUnion Rental Screening Sol., Inc., FCRA Litig.*, 437 F. Supp. 3d 1377, 1378 (J.P.M.L. 2020) (assigning "this litigation to an able jurist who has not yet had the opportunity to preside over an MDL"); *In re Sorin 3T Heater–Cooler Sys. Prods. Liab. Litig. No. II*, 289 F. Supp. 3d 1335, 1337 (J.P.M.L. 2018) (transferring cases to "an experienced jurist who has not had the opportunity to preside over an MDL").

Although the district's caseload is high, it does an outstanding job managing its cases, and has the second shortest median time from filing to trial of all of the 94 federal judicial districts in

---

[1] See United States Judicial Panel on Multidistrict Litigation – Pending MDLs, as of January 2, 2024, https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-January-2-2024.pdf.

the United States.[2]  Judge Jordan himself has shown his capabilities of using all available resources to effectively manage his docket, including currently evaluating whether to appoint a special master to oversee discovery issues in the *Texas v. Google LLC* antitrust litigation.[3]  As a result of his effective management of his docket, Judge Jordan currently has no case that has been pending more than three years.[4]

Judge Jordan is a highly qualified judge capable of overseeing an MDL centralizing these cases, which involve complex antitrust issues in an industry of critical importance to the U.S. economy.  Judge Jordan previously served as Principal Deputy Solicitor General for the State of Texas, representing the state of Texas in high-profile litigation, and co-chaired the appellate practice of a major law firm in Austin, Texas, where he was involved in significant antitrust litigation.  Through his oversight over the *Texas v. Google* litigation, he has demonstrated his capabilities to address the complex antitrust issues presented by the cases subject to Moving Plaintiffs' transfer motion.

**2.      Keller Williams has no objection to the Northern District of Illinois as the Transferee District if the Panel is Inclined to Consolidate Pretrial Proceedings Despite Objections to Transfer and Centralization.**

In its submission (ECF No. 196), NAR proposes the Northern District of Illinois, the district in which the first-filed *Moehrl* litigation and related cases involving home buyers as plaintiffs are currently pending.  If the Panel decides to transfer the pending cases, Keller Williams has no objection to centralization of the cases in the Northern District of Illinois.  As NAR points

---

[2] *See* United States District Courts -- National Judicial Caseload Profile, fcms_na_distprofile0331.2022.pdf (uscourts.gov).
[3] *See* "Google Suit May Get Jackson Walker Atty As Special Master," *Law360* (Jan. 4, 2024), Google Suit May Get Jackson Walker Atty As Special Master - Law360.
[4] *See* CJRA Appendix A; U.S. District Court – Report on Civil Cases Pending More Than Three Years and Motions, Bench Trials, Bankruptcy Appeals, and Social Security Appeal Cases Pending More Than Six Months, as of September 30, 2023, cjra_na_0930.2023.pdf (uscourts.gov).

out, in addition to hosting the first-filed action, the Northern District of Illinois is the only district with both home-buyer and home-seller actions, and also the district with the largest number of pending actions, giving it familiarity from all perspectives with multiple listing service rules relating to cooperative compensation. Moreover, the *Moehrl* litigation involves 20 MLSs spread over 25 metropolitan areas across the country—the *Burnett* litigation involves only 4 MLSs located in Missouri—providing the Northern District of Illinois with significant experience on a variety of issues. Because NAR is a defendant in several of the cases subject to the transfer motion, plaintiffs will undoubtedly seek document and deposition discovery from NAR (although, as HomeServices notes, much (if not all) of the relevant discovery from NAR likely has been completed already) and, with NAR's headquarters and many relevant employees in Chicago, centralization in the Northern District of Illinois offers potential efficiency advantages for purposes of that discovery, if it proves necessary. *In re Lithium Ion Batteries Antitrust Litig.*, 923 F. Supp. 2d 1370, 1371 (J.P.M.L. 2013) (centralizing in a district in which "relevant documents and witnesses may be found" based on parties' nearby facilities). Finally, the Northern District of Illinois would be a convenient forum for litigants from around the country, easily accessible from all parts of the United States through two airports, O'Hare International Airport and Chicago Midway International Airport.

3. **The Western District of Missouri Would Not Be an Appropriate Transferee District.**

Moving Plaintiffs seek centralization in the Western District of Missouri before Judge Stephen R. Bough, who oversaw the *Burnett* litigation and to whom the overlapping *Gibson* and *Umpa* cases have been assigned. Keller Williams disagrees.

The Western District of Missouri is already home to four MDLs, including one assigned to Judge Bough. The Panel has observed having few pending MDLs to be a favorable characteristic when evaluating transferee districts. *See, e.g., In re Corn Derivative Antitrust Litig.*, 486 F. Supp.

929, 932 (J.P.M.L. 1980) (selecting transferee district because it had "drastically fewer multidistrict litigations" than other candidate transferee districts); *In re Gator Corp. Software Trademark & Copyright Litig.*, 259 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003) (transferring to district "not currently overtaxed with other multidistrict dockets").

Although centrally located, Kansas City, Missouri, where Judge Bough presides, is less convenient of a venue for an MDL of national scope as compared to Dallas or Chicago. There are fewer direct flights into Kansas City than into Dallas or Chicago, fewer offices of law firms with which defense counsel are affiliated in Kansas City than Dallas or Chicago, and no defendants in any of the constituent cases Moving Plaintiffs seek to consolidate are headquartered in or near Kansas City. *See In re Lithium Ion Batteries Antitrust Litig*, 923 F. Supp. 2d at 1371 (transferring to the district "most convenient for the greatest number of parties"); *In re Am. Airlines, Inc., Privacy Litig.*, 342 F. Supp. 2d 1355, 1357 (J.P.M.L. 2004) (selecting a district "more conveniently located for most parties and witnesses" than other candidate transferee district).

Moving Plaintiffs' rationale for transfer to the Western District of Missouri—that it will be efficient to centralize before Judge Bough based on his oversight of the *Burnett* trial—overlooks that *Burnett* cannot be consolidated with other cases "for coordinated or consolidated *pretrial* proceedings" under 28 U.S.C. § 1407 because it has already been tried to verdict and post-trial briefing is already underway.

Moving Plaintiffs' rationale is based almost entirely on the fact that two overlapping class action cases brought by the attorneys in the *Moehrl* and *Burnett* cases are pending before Judge Bough in the Western District of Missouri. These cases were filed as nationwide class actions after the verdict in *Burnett*. Because none of the defendants in the two cases is headquartered in Missouri and the claims involve every single MLS in the country, the cases were not filed in

6

Missouri for the convenience of the parties or witnesses, efficiency of discovery, or based on any significant connection to Missouri.[5] Rather, it appears the plaintiffs in those cases seek to receive the same rulings on key legal questions that the plaintiffs in the *Burnett* litigation obtained.[6] Under the Panel's precedent, this is not a reason that supports centralization in the Western District of Missouri. *See In re Nine West LBO Sec. Litig.*, 464 F. Supp. 3d 1383, 1385 (J.P.M.L. 2020) (stating that the merits of anticipated rulings by the transferee judge is not a consideration for the Panel in selecting a transferee district); *In re Glenn W. Turner Enters. Litig.*, 368 F. Supp. 805, 806 (J.P.M.L. 1973) ("[T]he prospect of an unfavorable ruling by the transferee court or the possibility

---

[5] In *Umpa*, the named plaintiff, Daniel Umpa, has no connection with the state of Missouri and serves simultaneously as a class representative in the *Moehrl* litigation in the Northern District of Illinois. Moreover, none of the plaintiff's attorneys in *Umpa* has an office in Missouri.

[6] On January 8, 2024, defendants in *Burnett* filed motions for judgment as a matter of law under Rule 50(b) and motions for a new trial under Rule 59, raising significant issues warranting serious consideration by Judge Bough or eventually by the Eighth Circuit, including:

- Whether the challenged conduct was appropriately subject to *per se* condemnation, as Judge Bough determined, or whether plaintiffs should have been required to prove harm to competition under the rule of reason. *See* Suggestions in Supp. of NAR's Renewed Mot. for J. as a Matter of Law at 13-18, ECF No. 1360 (W.D. Mo. Jan. 8, 2024); Suggestions in Supp. of NAR's Mot. for a New Trial at 2-16, ECF No. 1362 (W.D. Mo. Jan. 8, 2024).
- Whether plaintiffs were indirect purchasers who, as a matter of law, lacked standing to pursue their claims against defendants from whom they purchased nothing. *See* Suggestions in Supp. of NAR's Renewed Mot. for J. as a Matter of Law at 2-11, ECF No. 1360 (W.D. Mo. Jan. 8, 2024).
- Whether the court erred in excluding evidence that the practice of sellers and listing agents paying buyer agents' commissions is expressly authorized under Missouri law, when plaintiffs argued to the jury that no home seller, absent the alleged conspiracy, would ever have paid a penny in buyer agent commissions. *See* Suggestions in Supp. of Keller Williams' Mot. for a New Trial at 20-24, ECF No. 1352 (W.D. Mo. Jan. 8, 2024); Suggestions in Supp. of NAR's Mot. for a New Trial at 19-20, ECF No. 1362 (W.D. Mo. Jan. 8, 2024).
- Whether plaintiffs' damages theory, under which every single penny paid to buyer agents in Missouri constituted damages, was supported by sufficient evidence. *See* Suggestions in Supp. of Keller Williams' Renewed Mot. for J. as a Matter of Law at 28-29, ECF 1354 (W.D. Mo. Jan. 8, 2024).

that another district judge may be more favorably disposed to a litigant's contention is clearly not a factor considered by the Panel in exercising its discretion under Section 1407.").

Moving Plaintiffs assert that, even though the *Burnett* case is not eligible for consolidation under § 1407, Judge Bough's oversight over the case provides him with valuable experience over the subject matter of the cases subject to their petition for centralization. But as the HomeServices Defendants point out, any transferee judge selected by the Panel (if it determines centralization is appropriate) will need to consider the specific facts associated with the specific defendants in the specific local markets at issue in the litigation, making general experience with the subject matter significantly less valuable than in cases in which common issues across cases would predominate. *See* ECF No. 251, at 10–14, 16. Further, to the extent there are certain legal issues decided by Judge Bough that emerge again, another transferee judge will have every opportunity to draw upon the observations of Judge Bough as appropriate. Centralization in a relatively inconvenient district is not needed to capture any benefits of Judge Bough's general familiarity with the subject matter, when local facts and considerations will drive decisions as to individual local defendants. *See In re Deering Milliken Patent Litig.*, 476 F. Supp. 461, 464 (J.P.M.L. 1979) (denying centralization of new case in district that presided over a completed trial and finding that, based on the "well documented" views of the judge in the completed case, "from the standpoint of familiarity, the judge in the [second] action will be close to the shoes of the [first] judge."). Finally, as NAR points out, *see* ECF No. 196, at 19, Judge Bough's experience with a single case limited to residential real estate brokerages and practices in the State of Missouri is no more expansive than the experience of Judge Andrea Wood in the Northern District of Illinois, who has overseen the first-filed *Moehrl* case since 2019, a case significantly broader in geographic scope than *Burnett*, as well as a buyer-side case, *Batton v. NAR*, No. 1:21-cv-00430 (N.D. Ill.), filed over two years

ago and subject already to two rounds of motions to dismiss. The recently filed *Gibson* and *Umpa* cases have not been pending long enough to support a claim that they enhance Judge Bough's familiarity with the issues in the case sufficiently to decisively overcome the comparable experience of Judge Wood.[7]

## **CONCLUSION**

The Panel should deny Moving Plaintiffs' motion to centralize. In the event the Panel believes centralization is warranted, the MDL should be assigned to the Eastern District of Texas.

Dated:  January 26, 2024

Respectfully submitted,

*/s/ Timothy Ray*
Timothy Ray
timothy.ray@hklaw.com
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600

David C. Kully
david.kully@hklaw.com
Anna P. Hayes
anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

Dina W. McKenney
dina.mckenney@hklaw.com
HOLLAND & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1757

***Counsel for Keller Williams Realty, Inc.***

---

[7] Moving Plaintiffs initiated the *Umpa* case on the same day they filed their petition with this Panel in a transparent attempt to boost their claim for transfer to the Western District of Missouri.