David E. Bamberger, Esq.
Akabas & Sproule
488 Madison Avenue, Suite 1120
New York, New York 10022
(917) 562-5398
Dbamberger@akabas-sproule.com
*Attorney for R New York Real Estate LLC*
*sued herein as "R New York LLC"*

**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: REAL ESTATE COMMISSION ANTITRUST LITIGATION**<br><br>This document relates to: *March v. REBNY et al.*, Case No. 1:23-cv-09995-JGLC-RWL, in the United States District Court for the Southern District of New York | MDL No. 3100 |

**DECLARATION OF DAVID E. BAMBERGER ESQ. IN OPPOSITION TO
MOTION TO TRANSFER, COORDINATE AND/OR CONSOLIDATE ACTION**

Pursuant to 28 U.S.C. § 1746, David E. Bamberger Esq. hereby declares as follows:

    1.    I am of-counsel to the law firm of Akabas & Sproule, whose office is located at 488 Madison Avenue, New York, New York. I am attorney-of-record in this Court and proceeding to defendant R New York Real Estate LLC, sued herein incorrectly as "R New York LLC" ("**RNY**"). I am also the attorney-of-record to defendant RNY in the action captioned *Monty March v. Real Estate Board of New York, et al.*, Case No. 1:23-cv-09995-JGLC-RWL, pending in the United States District Court for the Southern District of New York (the "**SDNY Action**").

1

2. I make this declaration based on my own personal knowledge, a review of the complaint filed by the Plaintiff in the SDNY Action, and conversations with the principals of RNY.

3. I submit this declaration in opposition to the Motion for Transfer to the Western District of Missouri, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings (the "**Motion**"), filed by plaintiffs in *Gibson et al. v. National Association of Realtors et al.* and *Umpa v. National Association of Realtors et al.* (the "**Plaintiffs**").

4. For the reasons set forth herein, and in opposition papers filed this day on behalf of the Real Estate Board of New York, Inc. ("**REBNY**") and the REBNY Residential Listing Service ("**RLS**"), Plaintiffs' Motion should be denied. In this regard, RNY (a) joins in the opposition papers filed by REBNY and RLS this day and (b) adopts as applicable to RNY each and every fact, contention, and argument set forth in the REBNY and RLS opposition papers as if RNY had filed its own opposition papers seeking the denial of the Plaintiffs' Motion.

5. Other than the SDNY Action, RNY has *not* been served with process in any action pending in any court alleging that broker commission rules or practices violate federal antitrust law and/or state law. I note that RNY is listed as a defendant in only one of the ten (10) actions identified on the Schedule of Actions originally filed by Plaintiffs' counsel on or about January 23, 2024, and updated earlier today. That case is *Friedman v. The Real Estate Board of New York, Inc., et al*, 1:24-cv-00405-JGLC-RWL, which was originally filed in the United States District Court for the Eastern District of New York without even naming RNY. Simple inspection of the Complaint in the *Friedman* action reveals, however, that the *Friedman* case solely arises under REBNY and RLS rules and practices. The *Friedman* case does *not* implicate

National Association of Realtors ("**NAR**") rules or practices.  RNY has not, to date, been served with process in the *Friedman* action.

6. While RNY is a member of NAR, RNY does not use, and has not adopted, the NAR rules, the NAR handbook, the NAR listing policy, and/or the NAR code of ethics, with respect to any business conducted in the County of New York and/or County of Kings (Borough of Brooklyn).

7. It also bears emphasis in this regard that NAR is not named as a defendant in the SDNY Action and/or the *Friedman* Action which actions are premised solely on REBNY's and RLS's own rules and does not implicate NAR rules, handbook or policies in any manner.

8. RNY is headquartered at 641 Lexington Avenue, New York, New York 10022.  It has no offices outside New York, New York.

9. The plaintiff's allegations in the SDNY Action are limited to one alleged geographic market, namely, New York County (Borough of Manhattan), State of New York.

10. The plaintiff's allegations in the *Friedman* action are limited to on alleged geographic market, namely Kings County (Borough of Brooklyn), State of New York

11. Thus, RNY respects respectfully submits that the SDNY Action and the *Friedman* action are factually distinct from the other cases Plaintiffs seek to coordinate or consolidate.

12. In addition, Plaintiffs' Motion fails to show that centralization by this Panel is warranted for the REBNY actions.  First, the REBNY actions present a different context in which alleged antitrust violations will be adjudicated.  The distinctions between NAR and REBNY and the brokerage firms that operate thereunder are significant.  For example, REBNY has no standard form agreement governing brokers' commissions, whereas in general the affiliated NAR MLSs do.  Indeed, in the REBNY actions each defendant has their *own form*

*agreement*—with the terms of those agreements further negotiated by the broker and owner parties, transaction-by-transaction. Additionally, the New York City residential real estate market is uniquely dominated by cooperative and condominium apartments whose sales require approvals by demanding cooperative and condominium boards with lengthy application, interview, and approval processes. In other markets, single family sales generally predominate and do not require these extensive additional steps to conclude a sale.

13.   Second, centralization of the REBNY actions will inconvenience not only the parties, but the witnesses central to the litigation, thus thwarting the just and efficient conduct of these actions. Most of the Defendants in the REBNY actions are headquartered in New York City, conduct the majority of their business in New York City, and do not have any business in, familiarity with, or connection to, Missouri. Indeed, most if not all of the documents, witnesses, and discovery in the REBNY Actions will be based in New York.

14.   Finally, requiring RNY to be hauled into court in Kansas City, Missouri (or anywhere outside of New York) to defend itself against claims pertaining exclusively to business conducted in New York City—pursuant to REBNY specific rules—does not further the just and efficient conduct of the litigation. This is why, notably, most—if not all—of the parties in the REBNY actions, including the plaintiffs, oppose centralization. While certain overlap amongst the cases may exist, it is clear that unique factual and legal issues predominate the REBNY actions and that therefore continued informal coordination and cooperation amongst the parties in the *March* and *Friedman* actions is more than sufficient. Accordingly, this Panel should deny Plaintiffs' Motion because centralization of the REBNY actions is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation.

15. Based on the foregoing, it is respectfully requested that Plaintiffs' Motion to Transfer pursuant to 28 U.S.C. § 1407 be denied with respect to the SDNY action and the *Friedman* action and any other litigation involving REBNY and/or RLS rules and that the Panel grant such other and further relief as it deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of January 2024.

                                        */s/ David E. Bamberger*
                                        David E. Bamberger