BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: REAL ESTATE COMMISSION LITIGATION | MDL No. 3100 |

**DEFENDANTS COMPASS, INC. AND REALTY AUSTIN LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS TO THE WESTERN DISTRICT OF MISSOURI AND FOR CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407**

Defendants Compass, Inc. ("Compass") and Realty Austin, LLC ("Realty Austin") respectfully submit this response in opposition to Plaintiffs' motion for transfer and consolidation of these nine pending cases for pretrial proceedings under 28 U.S.C. § 1407.

## INTRODUCTION

As outlined below, Compass and Realty Austin have joined or partially joined in briefs filed by other Defendants opposing consolidation and also believe that if the Panel should find consolidation necessary, the Eastern District of Texas, the Western District of Pennsylvania, or the Northern District of Illinois would be the most appropriate venues. Compass and Realty Austin do not wish to repeat the arguments in those briefs here. Compass and Realty Austin instead file this brief to explain how the cases where Compass and Realty Austin have been named as defendants exemplify why consolidation is inappropriate. The very nature of the underlying subject matter of the cases—real estate—is local, and requires localized adjudication. This is a common-sense proposition—properties in different geographic locations can vary wildly by price, type, features, regulatory and legal issues, and a host of other traits, meaning the competitive conditions in each of those localized markets is also going to vary wildly. At their core, antitrust

actions are about competitive conditions—and it would make no sense to consolidate cases where the market conditions are so wildly varied.

## BACKGROUND SUMMARY OF THE ACTIONS NAMING COMPASS OR REALTY AUSTIN AS DEFENDANTS

Of the nine cases that the *Umpa* and *Gibson* Plaintiffs seek to consolidate, Compass has only been named in four (including *Gibson* and *Umpa*), and recently acquired subsidiary Realty Austin, Ex. A ¶ 2, has only been named in two.

The two cases on Plaintiffs' list other than *Umpa* and *Gibson* naming Compass as a defendant are as follows. First, Compass has been named as a defendant in *March v. Real Estate Bd. of N.Y.*, 23-cv-9995 (S.D.N.Y.), which is specifically focused on Manhattan, and involves allegations against the Real Estate Board of New York ("REBNY")—a trade association that is *not* affiliated with the National Association of Realtors and thus operates under a completely separate and unique set of rules.[1] Second, Compass has been named as a defendant in *Grace v. Nat'l Ass'n of Realtors*, 3:23-cv-6351 (N.D. Cal.), which is only focused on Northern California.[2] Compass was previously named in *1925 Hooper LLC v. Nat'l Ass'n of Realtors*, 1:23-cv-5392 (N.D. Ga.) (originally known as *Phillips v. Nat'l Ass'n of Realtors*), but was then dropped as a defendant in the amended complaint, presumably because plaintiffs in that case did not feel they had a case against Compass in that region.[3]

---

[1] *See generally* Complaint, *March v. Real Estate Bd. of N.Y.*, 1:23-cv-9995 (S.D.N.Y. Nov. 13, 2023) (ECF No. 1) ("*March* Compl.").

[2] *See* Amended Complaint, *Grace v. Nat'l Ass'n of Realtors*, 3:23-cv-6352 at ¶¶ 35 and 134 (N.D. Cal. Jan. 12, 2024) (ECF No. 33) ("*Grace* Amended Compl.").

3 *See* Amended Complaint, *1925 Hooper LLC v. Nat'l Ass'n of Realtors*, 1:23-cv-5392 (N.D. Ga. Dec. 6, 2023) (ECF No. 6) ("*1925 Hooper* Amended Compl.").

*Martin v. Tex. Ass'n of Realtors*, 4:23-cv-1104 (E.D. Tex.) and *QJ Team, LLC v. Tex. Ass'n of Realtors*, 4:23-cv-1013 (E.D. Tex.) are the two cases naming Realty Austin (and not Compass) as a defendant, and are solely focused on Texas.[4]

Compass and Realty Austin were never named as defendants in either the Pennsylvania-focused case, *Spring Way Center v. West Penn Multi-List*, 2:23-cv-2061 (W.D. Pa.), or the South Carolina-focused case, *Burton v. NAR*, 7:23-cv-5666 (D.S.C.), again presumably because plaintiffs in those cases did not feel they had cases against Compass or Realty Austin.

## ARGUMENT

Consolidation is inappropriate here.  Where individual fact issues predominate in separate cases, centralization is inappropriate.  *See In re: Narconon Drug Rehab. Mktg., Sales Practices & Prods. Liabl. Litig.*, 84 F. Supp. 3d 1367, 1368 (J.P.M.L. 2015).  Even where there is "general factual overlap among the actions," the proponent of centralization must show that "shared factual questions are sufficiently complex or numerous to justify centralization."  *In re: Facebook Use of Name and Likeness Litig.*, MDL No. 2288, 2011 WL 4684354, at *1 (J.P.M.L. Oct. 6, 2011) (denying transfer).

**I.     Compass And Realty Austin Join The Texas Defendants' Brief, The REBNY Brief, and the Douglas Elliman Brief As To Why Consolidation Is Inappropriate**

As to why consolidation is inappropriate, Realty Austin joins in the brief filed by Defendants MetroTex Association of Realtors, Inc., North Texas Real Estate Information Systems, Inc., Houston Association of Realtors, Inc., and most of the other Defendants (the

---

[4] *See* Complaint, *QJ Team, LLC v. Tex. Ass'n of Realtors*, 4:23-cv-1013 at ¶ 96 (E.D. Tex. Nov. 13, 2023) (ECF No. 1) ("*QJ Team* Compl."); Complaint, *Martin v. Tex. Ass'n of Realtors*, 4:23-cv-1104 at ¶ 113 (E.D. Tex. Dec. 14, 2023) (ECF No. 1) ("*Martin* Compl.").

"Texas Defendants") named in the *QJ Team* and *Martin* cases filed in the Eastern District of Texas.  ECF No. 268.

As to why consolidation is inappropriate, Compass joins the brief filed by the Real Estate Board of New York, Inc. ("REBNY") and the REBNY Listing Service (ECF No. 266) and the brief filed by Douglas Elliman Inc. and Douglas Elliman Realty, LLC (together, "Douglas Elliman").

## II. The Compass And Realty Austin Cases Exemplify The Factual Differences That Predominate Over Each Case

The cases the *Gibson* and *Umpa* Plaintiffs seek to consolidate are antitrust actions relating to residential real estate.  Real estate markets by their very nature are local.  *See Realcomp II, Ltd. v. F.T.C.*, 635 F.3d 815, 828–29 (6th Cir. 2011) (affirming the FTC's finding that counties in southeastern Michigan were an appropriate market by themselves because "of the local nature of real-estate markets").  This is a common-sense proposition—properties in different geographic locations can vary wildly by price, type, features, regulatory and legal issues, and a host of other traits.  *See Compass v. Real Estate Bd. of N.Y.*, Case No. 21-cv-2195 (AJN), 2022 WL 992628, at *5–6 (S.D.N.Y. March 31, 2022) (finding that the plaintiff's alleged geographic market was a valid antitrust market because of the alleged unique features of the properties in the market).  The differences between properties create unique markets that must be analyzed according to their distinct features, particularly in antitrust cases where the allegedly harmful conduct *must* be analyzed in the context of a market's unique features and contours.  *Realcomp II*, 635 F.3d at 828–29 (analyzing the purported adverse effects of defendant's conduct in terms of the specific geographic and product market at issue); *see also United States v. Realty Multi-List, Inc.*, 629 F.2d 1351, 1372 n.39 (5th Cir. 1980) (stating that "[t]he assessment of the market power of the association, and its consequent potential for inflicting competitive harm, of

4

necessity requires the definition of the relevant market. . . . It is also necessary to assess the relevant geographic market.").

Unsurprisingly, given the local nature of real estate, different Compass personnel oversee different regions of the country. For example, Compass's California personnel are completely different from Compass's Missouri personnel. Ex. A ¶ 3.

Yet here, the *Gibson* and *Umpa* Plaintiffs ignore this clear proposition that real estate is by its very nature local. They instead try to force cases that are focused on seven distinct locales to be consolidated into one case. The cases Compass and Realty Austin have and have not been named as defendants in show exactly why this consolidation would be improper, as individual fact issues would predominate in each case.

First, Compass has been named as a defendant in *March*. REBNY is the trade association at issue in *March*. *See generally March* Compl. As explained more fully in REBNY's brief, REBNY is *not* affiliated with NAR. *See generally March* Compl. (making no allegations REBNY is affiliated with NAR); *see also id.* at ¶ 101 (discussing the REBNY-specific rules that brokerages allegedly abide by and making no mention of NAR rules). This means that REBNY members would be subject to a completely different set of rules that have nothing to do with NAR. Further, the *March* litigation would be dominated by Manhattan-specific issues. *See March* Compl. at ¶ 102 (alleging that the relevant geographic market for the case is Manhattan, and alleging that "Most Sellers prefer to work with a REBNY broker who is familiar with local market conditions and who maintains an office or affiliated sales associates within a reasonable distance of the Seller's property."). Thus, the *March* complaint would have essentially no factual overlap with any other case—the case does not involve any NAR rules and only involves real estate in a specific borough of a specific city.

5

Second, the only other case on Plaintiffs' list of cases to be consolidated[5] that Compass has been named as a defendant in outside of *Gibson*, *Umpa*, and *March* is *Grace*. However, *Grace* is focused on *only* a handful of counties in Northern California. *See Grace* Amended Compl. at ¶ 35 (stating that defendant BAREIS MLS operates in Marin, Sonoma, Napa, Solano, and Mendocino counties) and ¶ 134 (limiting the class to just persons and entities who used BAREIS MLS). This means there are a different set of rules, different personnel, and a different set of market conditions in each case. As with the *March* case, this would require completely different discovery from other cases focused on other locations.

Third, in the Texas cases, only Realty Austin has been named as a defendant. As Realty Austin has only been acquired by Compass recently, Ex. A ¶ 2, discovery regarding Realty Austin will require discovery into a completely separate set of witnesses, facts, and circumstances compared to cases where Compass has been named as a defendant. There would thus be no efficiencies gained as to discovery into Realty Austin and Compass by consolidating the Texas cases with *Umpa*, *Gibson*, or any other case. Rather, the opposite would be true—Realty Austin and its witnesses would be severely inconvenienced having to litigate its cases outside of its home venue.

Finally, in its brief, NAR has suggested that certain other cases, such as the two buyer-side cases *Batton v. Nat'l Ass'n of Realtors*, 1:21-cv-430 (N.D. Ill.) ("*Batton I*") and *Batton v. Compass,*

---

[5] Compass has been named as a defendant in three other cases that were not on the *Gibson* and *Umpa* Plaintiffs' list, but that other parties have raised as potentially related. These cases are: (1) *Batton v. Compass, Inc.*, 23-cv-15618 (N.D. Ill.); (2) *Friedman v. Real Estate Bd. of N.Y.*, 24-cv-405 (S.D.N.Y. Jan. 18, 2024) (originally filed in the E.D.N.Y. as 23-cv-9601 (E.D.N.Y. Dec. 29, 2023)); and (3) *Fierro v. Nat'l Assoc. of Realtors*, 2:32-cv-00449 (C.D. Cal. Jan. 17, 2024). Compass does not believe these cases are appropriate for consolidation for the same reasons outlined in this Response and the joined responses.

*Inc.*, 1:23-cv-15618 (N.D. Ill.) ("*Batton II*"), should also be consolidated.[6]  This would be improper, as those cases relate to a completely different set of class members—home buyers— who have already been found to be so different from home sellers that they cannot bring the same federal antitrust claims that home sellers can.  *See Batton v. Nat'l Ass'n of Realtors*, 601 F. Supp. 3d 301, 309–14 (dismissing home buyers' antitrust claims because they did not have antitrust standing).  In response to having their federal antitrust claims dismissed, the *Batton I* Plaintiffs have now brought claims under certain state laws—further highlighting the local nature of their claims.  It would be a serious mistake to consolidate these cases, given their unique plaintiffs and unique local issues, with the *Gibson* and *Umpa* cases.  And, the alleged time frame of that case is significantly different from the *Gibson* and *Umpa* cases—the *Batton I* and *Batton II* plaintiffs have alleged a relevant time period of 1996 to the present, in contrast to the *Gibson* and *Umpa* Plaintiffs who have alleged a relevant time period of 2019 to the present.  *Cf. Batton II* Compl. at ¶ 139 *with Gibson* Compl. at ¶ 151 and *Umpa* Compl. at ¶ 161.  Should the *Batton I* and *Batton II* allegations survive, they would thus require discovery into not only a completely different set of class members and into a completely different set of state claims, but also a completely different time period.

### III.   IF THE PANEL FINDS CONSOLIDATION NECESSARY, THE EASTERN DISTRICT OF TEXAS, THE WESTERN DISTRICT OF PENNSYLVANIA, OR THE NORTHERN DISTRICT OF ILLINOIS WOULD BE THE MOST APPROPRIATE PLACES FOR CONSOLIDATION

Should the Panel decide that consolidation is necessary, Realty Austin joins in the sections of the brief filed by the *QJ Team* and *Martin* Defendants regarding why the Eastern

---

[6] In fact, coordination outside of the MDL is already occurring, without need for MDL centralization.  *See Batton v. Nat'l Ass'n of Realtors*, 1:21-cv-430 (N.D. Ill.) ("*Batton I*") (ECF No. 123) (granting unopposed motion to relate and reassign *Batton II* to *Batton I* court).

District of Texas or the Western District of Pennsylvania would be viable venues and why the Western District of Missouri is not a viable venue. Realty Austin, however, does not object to the Northern District of Illinois as a venue, provided that *Batton I* and *Batton II* are not consolidated with the other cases.

Similarly, should the Panel decide consolidation is necessary, Compass joins in the sections of the Douglas Elliman brief as to why the Eastern District of Texas or the Western District of Pennsylvania would be viable venues and why the Western District of Missouri is not a viable venue. Compass also does not object to the Northern District of Illinois as a venue, provided that *Batton I* and *Batton II* are not consolidated with the other cases.

## CONCLUSION

Compass and Realty Austin thus respectfully request that the Panel deny the request to transfer the actions listed in the Schedule of Actions, or in the alternative to transfer to the U.S. District Court for the Eastern District of Texas, Western District of Pennsylvania, or Northern District of Illinois, for the coordination of pretrial proceedings.

Dated: January 26, 2024

/s/ Chahira Solh
Chahira Solh
Daniel A. Sasse
Eric Fanchiang
3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
Telephone: (949) 263-8400
Facsimile:   (949) 263-8414
dsasse@crowell.com
csolh@crowell.com
efanchiang@crowell.com

*Counsel for Defendants Compass, Inc. and Realty Austin, LLC*