**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

|  |  |  |
|---|---|---|
| In re: Real Estate Commission Litigation | ) ) ) ) ) ) ) | MDL. No. 3100 |

**RESPONSE OF DEFENDANTS EXP WORLD HOLDINGS, INC.**
**AND EXP REALTY, LLC TO *GIBSON/UMPA* PLAINTIFFS' MOTION**
**FOR TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407**

Defendants eXp World Holdings, Inc. and eXp Realty, LLC (together, "eXp"), by their undersigned counsel, respond as follows to the Motion for Transfer of Actions to the Western District of Missouri pursuant to 28 U.S.C. § 1407 ("Section 1407") for Coordinated or Consolidated Pretrial Proceedings (the "Motion") filed by Plaintiffs in *Gibson v. NAR* and *Umpa v. NAR* ("Movants").

## SHORT SUMMARY OF eXp'S POSITION

eXp takes no position on centralization of the nine actions (together, the "Actions") identified in the Motion. If the Panel chooses to centralize any real estate commission cases, the Eastern District of Texas ("EDTX") is the most suitable and convenient transferee court.

## ARGUMENT

### A. The Western District Of Missouri Is Not An Appropriate Transferee Court

The Western District of Missouri ("WDMO") is not well-suited to serve as the transferee court. The first purpose of consolidation stated by Section 1407 is "for the convenience of parties and witnesses." There is nothing convenient about the WDMO for the defendants or most of the plaintiffs. The fact that three local plaintiffs' law firms filed *Gibson* there, and three national firms later filed *Umpa* there, in both cases seeking to certify *nationwide* (not local) classes, should not

override that the WDMO is plainly *inconvenient* for most of the over 130 defendants, 15 other plaintiffs, and their respective counsel in the Actions.

Plainly, the WDMO was selected to leverage the favorable jury verdict in *Burnett v. NAR*, 19-cv-00332-SRB, and in an effort to centralize other commission cases there. These are *not* considerations of convenience for the parties and witnesses. The named plaintiff in *Umpa*, Daniel Umpa, is a Maryland resident who alleges he sold homes in Ohio and Maryland. Mr. Umpa is also a named plaintiff in *Moehrl v. NAR*, 19-cv-01610, a 2019 case pending in the Northern District of Illinois. Likewise, Mr. Umpa's attorneys have offices across the country, but conspicuously none are in, or even near, the WDMO. So, the choice to bring a second nationwide class action in the WDMO on the same date the Motion was filed reflects that *Umpa* was filed to bolster the Motion, rather than the Motion being filed to support the efficient resolution of *Umpa*. The Panel has weighed such machinations against the relief sought in a transfer motion. *See*, *e.g.*, *In re CVS Caremark Corp. Wage & Hour Emp't Practices Litig.*, 684 F. Supp. 2d 1377, 1379 (J.P.M.L. 2010) (noting that where movants filed one case in requested transferee forum one year before seeking consolidation, then filed two more cases in requested forum immediately prior to requesting consolidation, the "Section 1407 motion appears intended to further the interests of particular counsel more than those of the statute"); *In re La.-Pac. Corp. Trimboard Siding Mktg., Sales Practices & Prods. Liab. Litig.*, 867 F. Supp. 2d 1346, 1347 (J.P.M.L. 2012) (citing *CVS Caremark* and noting that "circumstances raise the concern that the request to centralize in E.D. North Carolina . . . is based on considerations that are not entirely consistent with the purposes of Section 1407").

In fact, the WDMO is a particularly inconvenient district for the parties, counsel, and witnesses across the Actions given that few of them are from there and, as a practical consideration,

the Kansas City International Airport is smaller than the airports in Dallas, Chicago, and Pittsburgh, with few daily direct flights, as explained in Section B below.

The WDMO is not well suited in additional respects compared to other potential transferee courts.  The WDMO currently has four MDL cases -- a relatively high total considering it has six district judges and three active senior judges.  By contrast, the EDTX currently has only one MDL case.  And Judge Jordan has no pending MDL case, whereas Judge Bough is already presiding over an MDL case, *In re: Smitty's/CAM2 303 Tractor Hydraulic Fluid Marketing, Sales Practices and Products Liability Litigation* (MDL-2936).

Finally, as a practical matter, the publicity in the WDMO surrounding the jury verdict in *Burnett* makes it improbable that a defendant would consent to hold a bellwether or other trial in the WDMO.  Such trials are not unusual and can benefit all parties (including those not participating in the first trial).  The Panel should consider the potential for such a trial by consent elsewhere and the associated efficiencies it could yield for courts, parties, and witnesses.

### B.    The Eastern District Of Texas Is The Most Appropriate Transferee Court

The EDTX is the most appropriate choice for transferee district.  First, it is hard to dispute that the EDTX is the most convenient forum for the parties and their counsel, which is a primary purpose of consolidation under Section 1407.  Plano, Texas, a suburb of Dallas, is easily accessible. Texas is centrally located and Dallas Fort Worth International Airport ("DFW") is less than 30 minutes from the courthouse.  DFW is the second busiest airport in America serving nearly 200 domestic nonstop destinations.  *See*  https://www.dfwairport.com/business/about/facts/.    In contrast, Kansas City International Airport serves fewer than 50 domestic nonstop destinations, several of them are seasonal, and most nonstop destinations are served by only one airline.  *See* https://flykc.com/nonstop-destinations.  Given that hundreds of attorneys would be traveling to and from centralized court hearings at various times (even if telephonic or video appearances are

permitted), the WDMO is a relatively inconvenient choice for a transferee court here.  *See* NAR Response, JPML Dkt. No. 196 at 21-22 (citing cases).

Second, two of the Actions that Movants seek to consolidate, *QJ Team, LLC v. Texas Association of Realtors, Inc.,* 23-cv-01013 *(E.D. Tex.)* and *Martin v. Texas Association of Realtors, Inc.,* 23-cv-01104 *(E.D. Tex.)*, are pending before Judge Jordan in the EDTX.  Judge Jordan is an able jurist who (a) as a practitioner appeared and argued before the Supreme Court, and (b) while on the bench, has presided over around 70 class actions.  *See* Group Exhibit A. Judge Jordan has not yet presided over an MDL; however, the Panel often selects transferee judges who are well-qualified but have not yet handled MDL proceedings.  *See, e.g., In re Domestic Airline Travel Antitrust Litig.*, 140 F. Supp. 3d 1344, 1346 (J.P.M.L. 2015) ("[C]entralization in this district provides us the opportunity to assign the litigation to the Honorable Colleen Kollar-Kotelly, an able and experienced jurist who has not yet had the opportunity to preside over a multidistrict litigation.").  Undoubtedly, Judge Jordan is so qualified.  If the Actions are centralized, they present an excellent opportunity for the Panel to assign an MDL to a well-qualified jurist in the EDTX.

While the EDTX has a relatively high number of weighted cases per judge, the district is efficient in managing its cases, as demonstrated by its median time from filing to trial for civil cases of 24.2 months – the fifth fastest among districts reporting this metric.  *See* United States District Courts -- National Judicial Caseload Profile (fcms_na_distprofile0331.2022.pdf (uscourts.gov)).

Moreover, the EDTX has only one pending MDL case.  The Panel has considered this factor in the past as militating toward centralization in a particular district.  *See*, *e.g.*, *In re Chantix (Varenicline) Prods. Liab. Litig.*, 655 F. Supp. 2d 1346, 1346–47 (J.P.M.L. 2009) (noting transferee district "currently is home to only one multidistrict litigation proceeding"); *In re Total*

*Body Formula Prods. Liab. Litig.*, 582 F. Supp. 2d 1381, 1382 (J.P.M.L. 2008) (Panel's selection of transferee district supported by fact that "no multidistrict litigation dockets [were] currently pending" there).  Relatedly, the EDTX presently has fewer MDL cases than (a) other similarly-sized districts and (b) the WDMO or two other proposed transferee districts, the Northern District of Illinois ("NDIL") and the Western District of Pennsylvania.

NAR advocates for transfer to the NDIL but does not oppose transfer to the EDTX.  JPML Dkt. No. 196 at 6, 23.  As NAR acknowledges, more defendants are located in Texas than in any other state and "the Eastern District of Texas is the most convenient district for the largest number of parties." *Id.*

For all of these reasons, if the Actions are centralized, transfer to the EDTX would be practical and convenient.

## **CONCLUSION**

If the Panel chooses to centralize the Actions, it should transfer them to the Eastern District of Texas.

Dated:  January 26, 2024

Respectfully submitted,

By: */s/ Stephen J. Siegel*

Stephen J. Siegel
*ssiegel@atllp.com*
Julie Johnston-Ahlen
*jja@atllp.com*
Andrew D. Campbell
*acampbell@atllp.com*
Elizabeth C. Wolicki
*ewolicki@atllp.com*
Mario E. Martinez
*memartinez@atllp.com*
Serena G. Rabie
*srabie@atllp.com*
ARMSTRONG TEASDALE LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900 (phone)
(312) 419-6928 (fax)

Karrie Clinkinbeard
ARMSTRONG TEASDALE LLP
*kclinkinbeard@atllp.com*
2345 Grand Boulevard, Suite 1500
Kansas City, MO 64108-2617
(816) 221-3420 (phone)
(816) 221-0786 (fax)

Michael Gehret
*mgehret@atllp.com*
ARMSTRONG TEASDALE LLP
222 South Main Street, Suite 1830
Salt Lake City, UT 84101
(801) 401-1600 (phone)

Francis X. Riley III
*francis.riley@saul.com*
SAUL EWING LLP
650 College Road East, Suite 4000
Princeton, NJ 08540-6603
(609) 452-3150 (phone)

***Attorneys for Defendants eXp World
Holdings, Inc. and eXp Realty, LLC***