# BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **In Re: Real Estate Commission Litigation** | **MDL No. 3100** |

This document relates to: *March v. REBNY et al.*, Case No. 1:23-cv-09995-JGLC-RWL, In the United States District Court for the Southern District of New York, and to *Friedman v. Real Estate Board of New York, Inc., et al.*, Case No. 1:24-cv-00405-JGLC, In the United States District Court for the Southern District of New York.

## LESLIE J. GARFIELD & CO., INC.'S JOINDER IN OPPOSITION TO PLAINTIFFS' MOTION FOR TRANSFER TO THE WESTERN DISTRICT OF MISSOURI PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

Leslie J. Garfield & Co., Inc. ("LJG") hereby respectfully submits this Joinder to (1) the Real Estate Board of New York, Inc. ("REBNY") and the REBNY Residential Listing Service's ("RLS") Response in Opposition (MDL No. 3100 ECF Doc. 266, the "REBNY Opposition") to Plaintiffs' Motion for Transfer to the Western District of Missouri pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings (the "Motion"); (2) Engel & Völkers New York Real Estate LLC's ("E&V New York") Brief in Opposition to *Gibson* and *Umpa* Plaintiff's Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 (MDL No. 3100 ECF Doc. 272, the "E&V New York Opposition"); and (3) Defendants Douglas Elliman Inc. and Douglas Elliman Realty, LLC's (collectively, "Douglas Elliman") Opposition to *Gibson* and *Umpa* Plaintiff's Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 (MDL No. 3100 ECF Doc. 304, the "Douglas Elliman Opposition"), each filed today.

LJG is incorporated and conducts business solely in the State of New York, and is a Defendant in *March v. REBNY et al.*, Case No. 1:23-cv-09995-JGLC-RWL ("*March*") and *Friedman v. Real Estate Board of New York, Inc., et al.*, Case No. 1:24-cv-00405-JGLC ("*Friedman*"), both pending in the United States District Court for the Southern District of New York (collectively, the "REBNY cases"). Other than the REBNY cases, LJG is not named as Defendant in any other cases listed on the Schedule of Actions filed by Plaintiffs (MDL No. 3100 ECF Doc. 2). LJG, moreover, is subject to the specific and unique listing agreement promulgated by REBNY, and does not participate in any rules or fee arrangements promulgated by the National Association of Realtors, including with respect to broker commissions.

LJG hereby incorporates the points and arguments raised in (1) the REBNY Opposition in all respects; (2) the E&V New York Opposition, Sections III.A-B; and (3) the Douglas Elliman Opposition, Argument Section I. Consolidation in a foreign district in coordination with

1

cases that relate to listing agreements that are irrelevant to LJG would be inefficient and unfair to LJG, and would multiply the time and expense required for LJG to respond and defend itself in the *March* and *Friedman* cases. Moreover, LJG does not reside in, do business in, or avail itself in any way of any opportunity located in the Western District of Missouri, and it would be manifestly unfair to force LJG to participate in proceedings in a foreign, unrelated district that ordinarily would not exercise personal jurisdiction over LJG. *See*, *e.g.*, *In re COVID-19 Bus. Interruption Prot. Ins. Litig.*, 482 F. Supp. 3d 1360, 1363 (J.P.M.L. 2020) ("[T]he MDL that movants request entails very few common questions of fact, which are outweighed by the substantial convenience and efficiency challenges posed by managing a litigation involving the entire insurance industry."); *In re Tropicana Orange Juice Mktg. & Sales Pracs. Litig.*, 867 F. Supp. 2d 1341, 1342 (J.P.M.L. 2012) (because "[s]eparate discovery [would be] necessary as to each defendant's products and processes," centralization "likely will result in inefficiencies and delay"). It would be far more efficient for the REBNY cases to proceed in the Southern District of New York, which has jurisdiction over LJG, and to focus on the issues actually relevant to the REBNY cases—*i.e.*, issues concerning the REBNY listing agreement.

      For the foregoing reasons, LJG respectfully requests that Plaintiffs' Motion be denied with respect to *March* and *Friedman*.

Dated: January 26, 2024        Respectfully submitted,

HUTH REYNOLDS LLP

/s/ Karl C. Huth
Karl C. Huth
41 Cannon Court
Huntington, NY 11743
Phone: (212) 731-9333
Fax: (646) 664-1512
huth@huthreynolds.com
*Attorney for Defendant Leslie J. Garfield & Co., Inc*