BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re: Real Estate Commission Litigation | ) ) ) ) ) ) ) ) | MDL. No. 3100 |

### AMENDED RESPONSE OF DEFENDANTS HANNA HOLDINGS, INC. AND HOWARD HANNA COMPANY TO PLAINTIFFS' MOTION FOR TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407

Defendants Hanna Holdings, Inc. and Howard Hanna Company (collectively, Howard Hanna Defendants) submit this response to update the Panel on their position towards the pending motion for transfer and centralization pursuant under 28 U.S.C. § 1407 in light of recent changes in one of the underlying actions.

Since Hanna Holdings filed its initial response on January 26, the transferee judge advocated in that response—Judge Christy C. Wiegand—recused from one of the cases identified in Movants' motion. *See Kay v. West Penn Multi-List, Inc.*, No. 23-cv-2061, ECF No. 31 (W.D. Pa. Jan. 29, 2024). The case is now assigned to Judge William S. Stickman. In addition, Howard Hanna Company (a Hanna Holdings subsidiary) has now been added as a defendant in *Kay*. *See Kay*, ECF No. 30 (W.D. Pa. Jan. 26, 2024).[1]

Howard Hanna Defendants continue to support the centralization under 28 U.S.C. § 1407 of the actions identified in Movants' motion, and the centralization of the additional cases highlighted by NAR in its response. And Howard Hanna Defendants continue to oppose transfer to the Western District of Missouri, for the reasons previously given. *See* Hanna Holdings

---

[1] Hanna Holdings, Inc. continues to be a defendant in *Umpa v. National Association of Realtors*, No. 23-cv-945 (W.D. Mo.).

1

Response Br. at 8-11, ECF No. 292. Moreover, as NAR explained, transferring the additional cases listed in its response—which include the first-filed home-seller action, *Moehrl v. National Association of Realtors*, No. 19-cv-1610 (N.D. Ill.), and all pending home-buyer actions—to the Western District of Missouri would be impractical given the extensive experience that the Northern District of Illinois already has with those cases. *See* NAR Response Br. at 14-15, 19, ECF No. 295.

The Western District of Pennsylvania remains a central and convenient forum. *See* Hanna Holdings Response Br. at 3-4, 6-8. And Judge Stickman would ably handle the cases. As previously explained, he has a favorable caseload, with 97 pending civil cases—placing him in the 23rd percentile of federal district judges. *See id.* at 4. In addition, Judge Stickman has not yet presided over an MDL, which the Panel often considers a positive when selecting transferee judges. *See id.* at 6; *see also, e.g., In re Erie COVID-19 Business Interruption Protection Insurance Litigation*, 509 F. Supp. 3d 1370, 1374 (J.P.M.L. 2020).

Howard Hanna Defendants also support transfer to the Northern District of Illinois or Judge Jordan in the Eastern District of Texas, for the reasons set forth in response briefs filed by other defendants. *See, e.g.*, NAR Response Br. at 13-18; United Real Estate Response Br. at 1-3, ECF No. 280; Redfin Response Br. at 7-11, ECF No. 294.

Alternatively, the actions should be transferred to any judge nationally with a strong background in antitrust law and the demonstrated ability to handle these complex cases, even if that judge is not already overseeing one of the actions at issue. As previously explained, antitrust experience is of the utmost importance here because these cases raise several extremely challenging and complicated questions of significant import to our national economy. *See* Hanna Holdings Response Br. at 8-9. And in selecting a transferee judge, the Panel is not limited to the

judges assigned to the constituent actions. *See, e.g.*, *In re BP p.l.c. Securities Litigation*, 734 F. Supp. 2d 1376, 1379 (J.P.M.L. 2010) ("[T]hat no constituent action is currently pending in the Southern District of Texas is not an impediment to its selection as the transferee district."); *In re Webvention LLC ('294) Patent Litigation,* 831 F. Supp. 2d 1366, 1366–1367 (J.P.M.L. 2011) (transferring to District of Maryland even though no constituent action was pending there); *In re Iraq and Afghanistan Detainees Litigation*, 374 F. Supp. 2d 1356, 1357 (J.P.M.L. 2005) (transferring to District of Columbia even though no constituent action was pending there).

Dated:  February 2, 2024              Respectfully submitted,

*/s/* David Z. Gringer
David Z. Gringer
Emily Barnet
Wilmer Cutler Pickering
  Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
david.gringer@wilmerhale.com
emily.barnet@wilmerhale.com

Seth P. Waxman
Karin Dryhurst
Wilmer Cutler Pickering
  Hale and Dorr LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000
seth.waxman@wilmerhale.com
karin.dryhurst@wilmerhale.com

*Attorneys for Hanna Holdings, Inc. and Howard Hanna Company*

3