**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| In re: Real Estate Commission Antitrust Litigation | ) ) ) ) ) ) ) | MDL. No. 3100 |

**EXHIBIT A**

First Page of Response Brief Correcting Case Caption Title

# BEFORE THE UNITED STATES
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re: Real Estate Commission Antitrust Litigation | ) ) ) ) ) ) ) | MDL. No. 3100 |

### RESPONSE OF DEFENDANTS EXP WORLD HOLDINGS, INC. AND EXP REALTY, LLC TO *GIBSON/UMPA* PLAINTIFFS' MOTION FOR TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407

Defendants eXp World Holdings, Inc. and eXp Realty, LLC (together, "eXp"), by their undersigned counsel, respond as follows to the Motion for Transfer of Actions to the Western District of Missouri pursuant to 28 U.S.C. § 1407 ("Section 1407") for Coordinated or Consolidated Pretrial Proceedings (the "Motion") filed by Plaintiffs in *Gibson v. NAR* and *Umpa v. NAR* ("Movants").

### SHORT SUMMARY OF eXp'S POSITION

eXp takes no position on centralization of the nine actions (together, the "Actions") identified in the Motion. If the Panel chooses to centralize any real estate commission cases, the Eastern District of Texas ("EDTX") is the most suitable and convenient transferee court.

### ARGUMENT

**A.    The Western District Of Missouri Is Not An Appropriate Transferee Court**

The Western District of Missouri ("WDMO") is not well-suited to serve as the transferee court. The first purpose of consolidation stated by Section 1407 is "for the convenience of parties and witnesses." There is nothing convenient about the WDMO for the defendants or most of the plaintiffs. The fact that three local plaintiffs' law firms filed *Gibson* there, and three national firms later filed *Umpa* there, in both cases seeking to certify *nationwide* (not local) classes, should not