BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

---

**In Re: Real Estate Commission Litigation**              MDL No. 3100

This document relates to:
*March v. REBNY et al.*,
Case No. 1: 23- cv-09995-JGLC-RWL, In the United States
District Court for the Southern District of New York

*Friedman v. REBNY et al.*,
Case No. 1: 24- cv-00405, In the United States
District Court for the Southern District of New York

And

*Fierro v. NAR, et al.*,
Case No. 1: 24- cv-00449, In the United States
District Court for the Central District of California

---

## INTERESTED PARTY RESPONSE IN OPPOSITION TO MOTION FOR CENTRALIZATION AND TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407

Interested Party Defendants, The Agency IP Holdco, LLC, The Agency Real Estate Franchising, LLC and Suitey, Inc., respectfully submit this response in opposition to Plaintiffs' Motion for Transfer and Consolidation of these ten pending cases for pretrial proceedings under 28 U.S.C. § 1407.[1]

---

[1] As an initial matter, The Agency's entities have been misnamed in each of the three pending cases. In *Friedman v. REBNY et al.*, Case No. 1: 24- cv-00405, Plaintiff named The Agency IP Holdco, LLC, but the correct entity, soon to be substituted, is Suitey, Inc. d/b/a The Agency. In *Fierro v. National Association of Realtors, et al.*, Case No. 2:24-00449, Plaintiff named The Agency Real Estate Franchising, LLC, but the correct entity, soon to be substituted, is UMRO Realty Corp. d/b/a The Agency. Likewise, in *March v. REBNY*, Case No. 1:23-cv-09995, also pending in the US District Court for the Southern District of New York, Plaintiff named The Agency, LLC – a wholly unrelated entity that happens to share a similar name. The Agency anticipates that Plaintiff will substitute Suitey, Inc. d/b/a The Agency in that case as well. (Because no company related to The Agency was named in the *March v. REBNY* case, no Opposition was filed on The Agency's behalf with respect to *March*.)

**MUNCK WILSON MANDALA, LLP**
807 Las Cimas Pkwy
Building. II, Suite 300
Austin, Texas 78746
737.201.1600 (telephone)

**MUNCK WILSON MANDALA, LLP**
1925 Century Park East, Suite 2300
Los Angeles, CA 90067
310.855.3311 (telephone)

*Counsel:*  Robert E. Linkin (Austin)
rlinkin@munckwilson.com
J. David Rowe (Austin)
drowe@munckwilson.com
Jenifer C. Wallis (Los Angeles)
jwallis@munckwilson.com

*Attorneys for Defendants The Agency IP Holdings Co, LLC d/b/a The Agency RE and The Agency Real Estate Franchising, LLC*

Defendants The Agency IP Holding Co, LLC, Suitey, Inc. d/b/a The Agency, and The Agency Real Estate Franchising, LLC ("The Agency"), respectfully submit this brief in response in opposition to Plaintiffs' Motion for Transfer to the Western District of Missouri pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings (Dkt. 1). The Agency opposes the request by movants to centralize various actions involving claims of anti-competitive conduct in the Western District of Missouri, including the only three actions which attempt to name The Agency as a defendant: *March v. Real Estate Board of New York*, Case No. 1:23-cv-09995-JGLC (wherein defendant is improperly named "The Agency LLC"), *Friedman v. Real Estate Board of New York, Inc., et al.*, Case No. 1:24-cv-00405 (wherein defendant is improperly named "The Agency IP Holdco, LLC"), and *Fierro v. National Association of Realtors, et al.*, Case No. 2:24-00449 (wherein defendant is improperly named "The Agency Real Estate Franchising, LLC")[2]. Furthermore, The Agency adopts the arguments made against consolidation by the HomeServices Defendants in their Brief in Opposition to Motion to Transfer and Centralization (Dkt. 251).

**I.        INTRODUCTION**

The Missouri Plaintiffs handpick facts and pending actions in an attempt to persuade the Panel to centralize more than twenty cases, which name more than 200 unique defendants[3] and involve few common issues of fact, so that they can proceed before a judge who has issued rulings favorable to their legal position in an action that was filed over four years ago and has already been tried. However, the principles of centralization disfavor centralization here, where the facts, parties

---

[2] Plaintiffs' counsel in *Friedman*, *March*, and *Fierro* have each represented they will be filing FRCP 21 Motions to substitute the correct entity in their respective actions.
[3] *See* (Dkt. # 251 at 8-9 & n.9) (HomeServices Defendants calculating the number of Defendants implicated by the consolidation motion); *See also* (Dkt. #281 at 11 and Ex. 2) (Bay Area Real Estate Information System, Inc. ("BAREIS") Opposition citing number of Defendants implicated by the consolidation motion).

and witnesses are incredibly diverse across an industry with highly specific players, rules, and regulations that vary from one geographic area to another. Here, The Agency has only been named in three cases in two distinct geographic areas: New York and Southern California. Centralization would be inefficient and unduly burdensome not just for The Agency but for all 200+ defendants.

28 U.S.C. § 1407 ("Section 1407") authorizes centralization only if the Panel determines "that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Here, the factors preclude the Panel from making that determination. *First*, great variance in the named defendants and their geographic areas of real estate virtually ensures that a significant amount of discovery will be specific to individual defendants and cases. *Second*, individual fact issues will dwarf any common issues. Because centralization will not promote convenience and efficiency for the parties and witnesses, the Panel should deny the Motion.

Simply put, The Agency joins the chorus of other parties in urging that the consolidation motion be denied. Alternatively, if the Panel decides to transfer and centralize some of the pending cases into a Multi-District Litigation ("MDL") action, The Agency asks that the Panel exclude the *Friedman* and *March* cases currently pending in the Southern District of New York and *Fierro*, currently pending in the Central District of California, from the transfer order, as many of those parties do not appear in any other case pending before the Panel. Additionally, the highly particularized nature of the New York and California real estate markets warrant those cases being treated independently.

II.     **ARGUMENT**

   A. **The Panel Should Deny the Motion for Transfer.**

   1. **The related cases are unique and local due to the geographic nature of the real estate market – there is not commonality across the cases sufficient for consolidation.**

The JPML has consistently recognized that consolidation is an option of last resort, reserved for circumstances when no better alternatives can efficiently resolve "common questions of fact" across a substantial number of cases. *See* 28 U.S.C. § 1407; *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). The movant must establish that the factual issues overlap to such a degree that to litigate them by any alternative method would be unwieldy. *See* 28 U.S.C. § 1407; *Best Buy*, 804 F. Supp. 2d at 1378. Here, all but the movants' two national-class cases are geographically circumscribed. Each related case alleges a conspiracy that is confined to a unique, specific, and confined geographic area in the United States. Of the three cases in which the The Agency is a named defendant, two (*March* and *Friedman*) involve the highly specialized real estate market of Manhattan/Brooklyn New York and the regional MLS REBNY[4]. The sole remaining case in which The Agency is a named defendant is *Fierro*, involving only a small portion of the highly specialized Southern California real estate market, namely Madera, Fresno, and Los Angeles Counties[5].

Suitey, Inc. d/b/a The Agency[6] is a corporation duly organized under the laws of the State

---

[4] *See* (*Friedman* Dkt. #1 at pg. 2) ("This lawsuit arises out of … broker commissions in **Brooklyn**'s most expensive neighborhoods."). (Emphasis added). *See also* (*March* Dkt. #1 at pg. 1) ("Plaintiff brings this action on behalf of himself, and all other similarly situated sellers, who sold residential real estate in **Manhattan**[.]"). (Emphasis added).

[5] *See* (*Fierro* Dkt. #1 at pg. 3:2-4) ("Plaintiffs bring this action on behalf of themselves and on behalf of the Classes consisting of all persons who listed properties on a Multiple Listing Service in the **Madera, Fresno, and Los Angeles Counties in California**[.]"). (Emphasis added).

[6] Incorrectly named in *Friedman* as The Agency IP Holdco, Inc. and in *March* as The Agency, LLC (a wholly unrelated entity).

of New York and authorized to do business in the State of New York as a licensed real estate broker. (Braga Dec. ¶ 2, attached as Exhibit A.) Suitey is a real estate brokerage firm that specializes in real estate transactions. Specifically, Suitey acts a broker <u>solely</u> in New York. It does not perform any brokerage services any place other than New York. (Braga Dec. ¶ 2.) Notably, Suitey is named <u>only</u> in the *March* and *Friedman* matters that are specific to the Brooklyn and Manhattan, New York real estate markets. It does not operate as an agent or broker outside of New York; therefore the facts and discovery applicable to it exist within a wholly contained universe applicable to New York generally and the neighborhoods of Manhattan and Brooklyn specifically. The MLS service at issue in those neighborhoods is co-defendant REBNY, not the National Association of Realtors ("NAR"), which is not even a party in *March* and *Friedman*.

As set forth in the REBNY Opposition, there are distinctions between NAR's Rules, Code of Ethics and Handbook and REBNY's Rules and Code of Ethics. It is the NAR's Rules, Code of Ethics, and Handbook, <u>not REBNY's</u>, that are at the heart of the W.D. Mo. Actions. The distinctions between NAR's Rules, Code of Ethics and Handbook and REBNY's Rules and Code of Ethics are meaningful and significantly distinguish the *March* and *Friedman* Actions from both the W.D. Mo. Actions <u>and</u> the NAR Cases. As a result, the discovery in *March* and *Friedman* will be substantially different from the W.D. Mo. Actions and the NAR Cases.

Similarly, UMRO Realty Corp. d/b/a The Agency[7] is a corporation duly organized under the laws of the State of California and authorized to do business only in the states of California and Nevada as a licensed real estate broker. (Braga Dec. ¶ 3.) UMRO is a real estate brokerage firm that specializes in real estate transactions. Specifically, UMRO acts a broker <u>solely</u> in California and Nevada. It does not perform any brokerage services any place other than California

---

[7] Misnamed as The Agency Real Estate Franchising, LLC in *Fierro*.

and Nevada. (Braga Dec. ¶ 3.) Notably, UMRO is named <u>only</u> in the *Fierro* matter, which is specific to three discrete counties in the Southern California real estate market. UMRO does not operate as an agent or broker outside of California or Nevada therefore the facts and discovery applicable to it exist within a wholly contained universe applicable to those two discrete states.

The common questions of fact Movants identify in support of centralization clearly do not support consolidating The Agency and its few related cases. For instance, one such common question is "[w]hether defendants possess market power in the relevant markets." Motion at 8; *Moehrl* Am. Compl. ¶¶ 133-139; *Batton I*, Am. Compl. ¶¶ 52-57; *Batton II* Compl. ¶¶ 55-60; *Nosalek* Sec. Am. Compl. ¶¶ 132-139; *Tucorri* Compl. ¶¶ 20, 42. Here, the named entities of The Agency participate only in two discrete markets: California/Nevada and Manhattan/Brooklyn, New York. Similarly, a number of its co-defendants in *March*, *Friedman*, and *Fierro* only operate within those geographic regions. There is nothing efficient about forcing certain defendants to participate in a nationwide MDL that covers multiple geographic markets in which they indisputably do not operate.

The distinctions between the NAR's Rules, Code of Ethics and Handbook and REBNY's Rules and Code of Ethics result in the *March* and *Friedman* cases being substantially factually distinct from *Fierro* and all other named cases. Additionally, the discrete real estate markets of Southern California and Manhattan/Brooklyn New York are so substantially different from those involved in the W.D. Mo. Actions and the cases sought to be consolidated, spanning nation-wide, that discovery will be unique to those markets and not overlapping. The differences in the geographic markets are especially significant in antitrust cases, where concepts of market

definition and market power are crucial and likely to be hotly disputed[8]. Indeed, these distinctions as to the market for the alleged conspiracy and the defendants involved in the alleged conspiracy mirror other cases where consolidation was found to be inappropriate. *See, e.g., In re Google Antitrust Litig.*, 521 F. Supp.3d 1358, 1359-60 (J.P.M.L. 2021) (excluding a case from the scope of consolidation because, among other things, it "plainly involve[ed] different relevant markets"); *In re Baby Food Mktg., Sales Pracs. & Prods. Liab. Litig.*, 544 F. Supp. 3d 1375, 1376-77 (J.P.M.L. 2021) (denying consolidation as to cases similar to each other at a "general level" because the discovery and pretrial practice would nonetheless be "defendant-specific"); *In re Secondary Ticket Mkt. Refund Litig.*, 481 F. Supp. 3d 1345, 1346 (J.P.M.L. 2020) ("Creating an industry-wide MDL for all three defendants [who did not conspire with each other and "employed different terms of use"] would seem to complicate pretrial proceedings more than it would streamline them, so we deny this request."). Discovery related to market definition and market power will, by definition, vary from market to market and defendant to defendant. Consolidating that discovery under the umbrella of an MDL will not make it any less market or defendant specific; thus, no efficiencies will be achieved through centralization.

---

[8] *See Concord Associates, L.P. v. Entertainment Properties Trust*, 817 F.3d 46, 52-53 (2d Cir. 2016) (recognizing that the concept of a market has two components for antitrust purposes and the geographic market component involves the precise geographic boundaries of effective competition); *see also Heerwagen v. Clear Channel Commc'ns*, 435 F.3d 219, 227 (2d Cir. 2006), *overruled on other grounds by Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*, 546 F.3d 196, 201 (2d Cir. 2008). (Affirming district court's finding that the relevant market was local and not national in antitrust case.)

### B. Because the highly specific real estate markets preempt common questions of fact and result in localized discovery, consolidation would be inefficient.

There is almost no commonality among the parties in the cases sought to be centralized.[9] As discussed *supra*, the vast majority of defendants in the named actions have no ties to the highly particularized real estate markets of Southern California and Manhattan/Brooklyn New York. Indeed, the defendants' markets are virtually all disparate from each other. The discovery sought in each case will therefore be highly particularized and without overlap. Consolidating the cases would therefore lead to <u>inefficient</u> discovery, not more efficient discovery, or pre-trial efforts. As a result, the motion to consolidate should be denied, especially as it relates to the *Friedman*, *March*, and *Fierro* matters.

### C. The Home Services Defendants' Opposition is Incorporated by Reference.

The arguments advanced by the Home Services Defendants in Opposition to the Moving Plaintiffs' Motion[10] are incorporated herein by reference.

## III. CONCLUSION

For the foregoing reasons, The Agency respectfully requests that Moving Plaintiffs' motion to transfer pursuant to 28 U.S.C. § 1407 be denied with respect to *March, Friedman*, *Fierro*, and any later-filed litigation involving The Agency, and that the Panel grant such other and further relief as may be just and proper.

---

[9] *See* (Dkt. #281 at 11 and Ex. 2) (BAREIS Opposition noting there is not a single defendant (or plaintiff) common to all cases; the vast majority of the defendants are named as defendants in only approximately two of the cases.)
[10] *See* (Dkt. # 251).

Dated: February 26, 2024

Respectfully submitted,

**MUNCK WILSON MANDALA, LLP**
807 Las Cimas Pkwy
Building II, Suite 300
Austin, Texas 78746
737.201.1600 (telephone)


By: _/s/ Robert E. Linkin_
    Robert E. Linkin
    rlinkin@munckwilson.com
    J. David Rowe
    drowe@munckwilson.com
    Jenifer C. Wallis
    jwallis@munckwilson.com

*__Attorneys for Defendants The Agency IP Holdings Co, LLC d/b/a The Agency RE and The Agency Real Estate Franchising, LLC__*