BEFORE THE

UNITED STATES JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: REAL ESTATE COMMISSION ANTITRUST LITIGATION | MDL No. 3100 |

**JOINT STATEMENT BY SETTLING DEFENDANTS IN THE THREE NATIONWIDE CLASS SETTLEMENTS THAT HAVE BEEN PRELIMINARILY APPROVED AND ARE PENDING FINAL APPROVAL IN THE WESTERN DISTRICT OF MISSOURI**

This Panel is considering whether to grant the Motion to Transfer actions to the Western District of Missouri for coordinated or consolidated pretrial proceedings. ECF No. 1. After the deadline for responding to the motion passed, the named plaintiff in *Friedman v. The Real Estate Board of New York, Inc. ("REBNY"), et al.*, No. 1:24-CV-00405 (S.D.N.Y.), filed an untimely opposition to the Motion. ECF No. 384. In the untimely opposition, the *Friedman* plaintiff stated: "The plaintiffs in the REBNY Cases are Not Members of any Current Settlement Class That Might Favor Consolidation." *Id.* at 15. This statement is incorrect. To correct the record, the settling defendants in all three nationwide settlements that have been reached submit this short joint statement regarding the scope of the nationwide settlement classes.

Three national brokerage defendants in *Burnett v. The National Association of Realtors, et al.*, No. 19-CV-002332-SRB (W.D. Mo.), have entered into agreements to settle nationwide classes: Anywhere Real Estate, Inc.; RE/MAX, LLC; and Keller Williams Realty, Inc. *See Burnett*, ECF No. 1192-3 ("Anywhere Settlement Agreement"); *Burnett*, ECF No. 1192-4 ("RE/MAX Settlement Agreement"); *Burnett*, ECF No. 1371-1 ("Keller Williams Settlement Agreement"). The District Court for the Western District of Missouri, the Honorable Stephen R. Bough, has granted preliminary approval of each of the settlements and has authorized the sending of notice, which is currently being sent jointly for all three settlements. *Burnett*, ECF Nos. 1321, 1372. A final approval hearing is scheduled for May 9, 2024. *Burnett*, ECF No. 1372 ¶ 16.

This Panel, of course, is not charged with construing the scope of the three nationwide settlement classes; that is a task for Judge Bough. But the Panel should know that the *Friedman* plaintiff's statement about the scope of the nationwide settlement classes is incorrect. In fact, each of the three pending nationwide settlement classes covers all transactions on all multiple

1

listing services, including transactions conducted by members of the proposed class in *Friedman*. The nationwide settlement class in each case is defined to include "all persons who sold a home that was listed on a multiple listing service anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home" in the covered date ranges. *Burnett*, ECF No. 1192-3 ¶ 18; *Burnett*, ECF No. 1192-4 ¶ 18; *Burnett*, ECF No. 1371-1 ¶ 19.

In arguing that his case should be excluded from any consolidated proceeding, Friedman claims that the nationwide settlement classes are limited to multiple listing services that are controlled by the National Association of Realtors (NAR) and follow its rules, while the service he sued—The Real Estate Board of New York ("REBNY")—is not controlled by NAR and follows its own rules.  ECF No. 384 at 16-17.

Friedman is incorrect.  As the quote above shows, the nationwide settlement classes include all multiple listing services, without any limitation to multiple listing services controlled by NAR.  In addition, all three nationwide settlement classes expressly include MLS PIN, a multiple listing service located in Massachusetts that, like REBNY, is not controlled by NAR. *Burnett*, ECF No. 1192-3 ¶¶ 11, 18; *Burnett*, ECF No. 1192-4 ¶¶ 11, 18; *Burnett*, ECF No. 1371-1 ¶¶ 11, 19.  Thus, when the settlement class definition refers to "All other MLSs" after listing MLS PIN as among the MLSs that are expressly included, it can only be understood to refer to all multiple listing services, including both NAR and non-NAR MLSs.  Finally, notice has been sent to people who sold homes on non-NAR MLSs, including REBNY; the settlement administrator is currently accepting claims submitted by people who sold homes on non-NAR MLSs, including REBNY; and when people who sold homes on non-NAR MLSs call the call center to ask if they are included in the settlements, the answer is "yes."  *See Burnett*, ECF No. 1371-2 at 3 ("Notice of Proposed Settlements" stating "You are a Settlement Class Member and

eligible for payment if you . . . listed the home that was sold on a multiple listing service ('MLS') anywhere in the United States.").

In sum, while this Panel is not charged with construing the scope of the settlement classes, the Panel should know that plaintiff Friedman has misstated the scope that the settling parties agreed to, that Judge Bough preliminarily approved, and that are now being implemented in the notice and claims process—and Friedman's misstatement should not infect the Panel's consideration of the Motion to Transfer.

Dated March 11, 2024                    Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By:     */s/ Stacey Anne Mahoney*
        Stacey Anne Mahoney
        101 Park Avenue
        New York, NY 10178-0060
        (212) 309-6000
        stacey.mahoney@morganlewis.com

        *Counsel for Anywhere Real Estate Inc., Sotheby's International Realty Affiliates, LLC, Coldwell Banker Real Estate LLC, Century 21 Real Estate LLC, Corcoran Group LLC, NRT Philadelphia LLC (d/b/a Coldwell Banker Realty)*

        */s/ Jeffrey A. LeVee*
        Jeffrey A. LeVee
        **JONES DAY**
        555 S. Flower Street, 50th Fl.
        Los Angeles, CA 90071
        jlevee@JonesDay.com
        (213) 243-2572

        *Counsel for RE/MAX, LLC and RE/MAX Holdings, Inc.*

3

*/s/ Timothy Ray*
Timothy Ray
**HOLLAND & KNIGHT LLP**
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
timothy.ray@hklaw.com
(312) 263-3600

*Counsel for Keller Williams Realty, Inc. and Keller Williams, LLC*
