BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: REAL ESTATE COMMISSION ANTITRUST LITIGATION | MDL No. 3100 |

**INTERESTED PARTY PLAINTIFF ROBERT FRIEDMAN'S RESPONSE TO THE JOINT STATEMENT BY SETTLING DEFENDANTS IN THE THREE NATIONWIDE CLASS SETTLEMENTS THAT HAVE BEEN PRELIMINARILY APPROVED AND ARE PENDING FINAL APPROVAL IN THE WESTERN DISTRICT OF MISSOURI**

Interested Party Robert Friedman ("Friedman"), plaintiff in the action *Friedman v. The Real Estate Board of New York, Inc., et al.*, No. 1:24-cv-00405 (S.D.N.Y.) (the "*Friedman* Action"), hereby submits this Response to the Joint Statement by Settling Defendants in the Three Nationwide Class Settlements That Have Been Preliminarily Approved and are Pending Final Approval in the Western District of Missouri, ECF No. 499 (the "Joint Statement"). In the Joint Statement, Anywhere Real Estate, Inc.; RE/MAX, LLC; and Keller Williams Realty, Inc. (collectively, the "NAR Settling Defendants") claim that Friedman was incorrect in stating that the proposed class in the *Friedman* Action is not covered by the NAR Settling Defendants' settlement agreements in *Burnett v. Nat'l Ass'n Realtors*, No. 19-cv-332 (W.D. Mo.) ("*Burnett*"). It is the NAR Settling Defendants, not Friedman, who are mistaken.[1]

---

[1] The NAR Settling Defendants also assert that Interested Party Plaintiff Robert Friedman's Response in Opposition to Motion for Transfer of *Friedman v. The Real Estate Board of New York, Inc. et al.*, No. 1:24-CV-00405 (S.D.N.Y.), Pursuant to 28 U.S.C. § 1407, ECF No. 384 (the "Friedman Opposition"), was untimely. *See* Joint Statement, at 1. Not so. The *Friedman* Action was not among the cases that were the subject of the Motion to Transfer actions to the Western District of Missouri for coordinated or consolidated pretrial proceedings. *See* ECF No. 1. The *Friedman* Action was first identified as a potential tag-along action by the

The NAR Settling Defendants' settlement agreements in *Burnett* define the "Settlement Class" as including "all persons who sold a home that was listed on a *multiple listing service* anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home."  Joint Statement at 2 (emphasis added).  The term "multiple listing service" or MLS is trademarked by NAR and is specifically tied to NAR control of a listing service through local NAR-affiliated associations and/or NAR members who are subject to NAR rules.  Friedman Opposition, ECF No. 384, at 3-4.  The term "multiple listing service" therefore cannot encompass the Real Estate Board of New York, Inc.'s ("REBNY") Residential Listing Service, which is not a multiple listing service and is governed by rules imposed by REBNY that have nothing to do with NAR or its rules.  *Id.* at 4-7.

The NAR Settling Defendants' contention that REBNY is encompassed in the settlement just like MLS PIN is also incorrect.  The "Settlement Class," as set forth in the Settlement Agreement, expressly encompasses MLS PIN while making no mention of REBNY or its Residential Listing Service.  *See Burnett*, ECF No. 1192-3, at ¶¶ 11, 18.  This makes sense because "MLS PIN is a REALTORS®-controlled entity," and the alleged conspiracy under its rules was facilitated "within the National Association of Realtors."  *See* Amended Complaint, *Nosalek, et al. v. MLS PIN, et al.*, No. 20-cv-12244 (D. Mass.), ECF No. 110, at ¶¶ 3, 9, 14, 53, 107.  Indeed, the MLS PIN rules make explicit reference to REALTORS®, NAR, NAR tribunals, and NAR rules.  *See* MLS PIN Rules and Regulations, Section 7.2, available at:

---

National Association of Realtors® ("NAR"), in its opposition brief filed on January 23, 2024.  *See* ECF Nos. 197, 204.  On February 5, 2024, the Clerk of the Panel issued a minute order closing briefing, stating that "[p]arties in any potential tag-along action may file an Interested Party response, but must do so promptly…"  ECF No. 352.  Thereafter, undersigned counsel contacted the Clerk's Office seeking and receiving confirmation that Friedman should file as an interested party to the extent he wished to be heard on the motion to transfer pursuant to 28 U.S.C. § 1407.

https://www.mlspin.com/document/mls-pin-rules-and-regulations.  Neither REBNY nor its rules make any such reference because, unlike MLS PIN, REBNY is entirely separate from NAR.

More importantly, whether members of the proposed class in the *Friedman* Action are bound by the releases contained in the NAR Settling Defendants' settlement agreements depends on whether the released conduct arises from an "identical factual predicate as that underlying the claims in the settled class action."  *TBK Partners, Ltd. v. W. Union Corp.*, 675 F.2d 456, 460 (2d Cir. 1982); *see also Walkinshaw v. CommonSpirit Health*, No. 4:19CV3012, 2023 WL 1995281, at *5 (D. Neb. Feb. 14, 2023) ("Plaintiffs and the Class are deemed conclusively to have released and waived all claims against Defendants arising from the same factual predicate as those in the Second Amended Complaint …").  Although this Panel is not tasked with opining on the scope of the releases contained in the NAR Settling Defendants' settlement agreements, we note for the record that *Burnett* and *Moehrl v. The National Association of Realtors*, No. 1:19-cv-01610 (N.D. Ill.), which dealt exclusively with NAR rules and the alleged anticompetitive effects thereof on multiple listing services, do not arise from the same "factual predicate" as the *Friedman* Action, which deals exclusively with REBNY rules and the alleged anticompetitive effects thereof on REBNY's Residential Listing Service in certain neighborhoods in Brooklyn, New York.  *See* Friedman Opposition, ECF No. 384, at 11-12 (discussing the differences between NAR rules and REBNY rules).

///
///
///

Dated: March 19, 2024

Respectfully submitted,

**BERMAN TABACCO**

By: <u>/s/ Todd A. Seaver</u>
     Todd A. Seaver

Carl Hammarskjold
425 California St, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
tseaver@bermantabacco.com
chammarskjold@bermantabacco.com

Steven J. Buttacavoli
Steven L. Groopman
Brooke E. Lowell
**BERMAN TABACCO**
One Liberty Square
Boston, Massachusetts 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
sbuttacavoli@bermantabacco.com
sgroopman@bermantabacco.com
blowell@bermantabacco.com

Daniel Goldman
**BIENERT KATZMAN LITRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (973) 476-5485
dgoldman@bklwlaw.com

*Counsel for Plaintiff Robert Friedman and the Proposed Class in Friedman v. The Real Estate Board of New York, Inc., et al., No. 1:24-cv-00405 (S.D.N.Y.)*