**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: REAL ESTATE COMMISSION
ANTITRUST LITIGATION                                               MDL No. 3100

**ORDER DENYING TRANSFER**

**Before the Panel:**[*] Plaintiffs in two Western District of Missouri actions move under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Missouri. In their reply, movants state they alternatively support the Northern District of Illinois as transferee district. This litigation consists of nine actions pending in seven districts, as listed on Schedule A. Since the filing of the motion for centralization, the Panel has been notified of fourteen additional actions pending in nine districts. All actions on the motion are brought on behalf of sellers of residential real estate, alleging various aspects of rules governing buyer broker compensation violate antitrust laws. Defendant the National Association of Realtors (NAR) is a national trade association of real estate brokers and agents. Plaintiffs in several of these actions allege that certain NAR rules require sellers to make a comprehensive, unilateral, and (in practice) non-negotiable offer of compensation to any broker representing potential buyers as a condition of listing their home on a multiple listing service (MLS). Plaintiffs allege that enforcement of this rule results in price-fixing, which has artificially inflated residential real estate broker commissions paid by home sellers.

Responses vary on the question of centralization, the appropriate transferee district, and which actions should be included in an MDL. In particular, the Panel has been notified of three Northern District of Illinois potentially-related actions that are brought on behalf of buyers of residential real estate (the home buyer actions).[1] The Panel also has been notified of two actions brought on behalf of home sellers that have been pending more than three years (the long-pending actions). Finally, there has been much argument over whether to include actions involving a non-NAR-controlled MLS in an MDL, including the Southern District of New York action and potential tag-along action (the REBNY actions).

---

[*]     Judge Nathaniel M. Gorton took no part in the decision of this matter.

Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1]     The Panel also has been notified of one potentially-related action brought on behalf of both buyers and sellers of residential real estate.

- 2 -

The Panel received a myriad of responses to the motion to centralize.  Plaintiffs in five actions and potential tag-along actions support or do not oppose the motion.  Plaintiffs in two home buyer potential tag-along actions support centralization of all actions in the Northern District of Illinois and, alternatively, exclusion of the home buyer actions.  Plaintiffs in the District of Massachusetts *Nosalek* potential tag-along action take no position on centralization, but request the Panel exclude their pending settlement with defendant MLS Property Information Network, Inc. (MLS PIN).  Several defendants[2] support or do not oppose centralization of all actions in the Northern District of Illinois, and most alternatively support the Eastern District of Texas.  Defendant United Real Estate supports centralization of the actions on the motion in the Eastern District of Texas and, alternatively, the Western District of Pennsylvania.  Defendants Compass, Inc., and Realty August, LLC support centralization of the cases brought by home sellers in the Western District of Missouri.  Defendants eXp World Holdings, Inc. and eXp Realty, LLC, take no position on centralization and support the Eastern District of Texas as transferee district.  The Anywhere defendants[3] request centralization of the home buyer and home seller actions together. Plaintiffs in eight actions and potential tag-along actions oppose centralization and/or inclusion of their actions in centralized proceedings.  Several of these plaintiffs alternatively support the Western District of Missouri and/or the Northern District of Illinois as transferee district, and one suggests exclusion of the home buyer actions.   The HomeServices defendants[4] oppose centralization and, alternatively, support centralization of all but the long-pending actions in the Eastern District of Texas and, alternatively, support centralizing all but the Eastern District of Texas actions in the Northern District of Illinois.  The Agency defendants[5] oppose centralization and, alternatively, oppose inclusion of the actions naming them.  Defendant Bay Area Real Estate Information System, Inc., opposes centralization and, alternatively, supports the Eastern District of Texas as transferee district.  Defendant West Penn Multi-List, Inc. opposes centralization and, alternatively, suggests exclusion of the Western District of Pennsylvania action and, alternatively,

---

[2]      At World Properties, LLC; Christie's International Real Estate, LLC; Ansley Atlanta Real Estate, LLC; Marin Association of Realtors and North Bay Association of Realtors; Weichert, Realtors, Realty ONE Group, Inc.; HomeSmart International, LLC; HomeSmart Holdings, Inc.; PalmerHouse Properties, LLC; Solid Source Realty, Inc.; Redfin Corp.; and Hanna Holdings, Inc. Hanna Holdings alternatively supports centralization before any judge with strong antitrust and complex litigation experience.

[3]      Anywhere Real Estate Inc.; Sotheby's International Realty Affiliates, LLC; Coldwell Banker Real Estate LLC; Century 21 Real Estate LLC; Corcoran Group LLC; NRT Philadelphia LLC (d/b/a Coldwell Banker Realty).

[4]      HomeServices represents that this definition refers to HomeServices of America, Inc. and its various subsidiaries who are named as defendants in any of the cases at issue.

[5]      The Agency IP Holding Co, LLC, Suitey, Inc. d/b/a The Agency, and The Agency Real Estate Franchising, LLC.

- 3 -

supports the Western District of Pennsylvania as transferee district. Responding defendants in the two Eastern District of Texas actions[6] oppose centralization and, alternatively, suggest excluding the Eastern District of Texas actions and, alternatively, suggest centralization in the Eastern District of Texas or, alternatively, the Western District of Pennsylvania. Douglas Elliman Inc. and Douglas Elliman Realty, LLC, oppose centralization and, alternatively, support centralization of all but the REBNY actions and the home buyer actions in the Eastern District of Texas or the Western District of Pennsylvania and, alternatively, do not object to the Northern District of Illinois. Defendant MLS PIN opposes centralization and, alternatively, requests exclusion of the *Nosalek* potential tag-along action or requests the Panel allow its pending settlement to remain in the District of Massachusetts. Twelve groups of defendants[7] and plaintiffs in the REBNY actions oppose their inclusion in the MDL. Certain defendants in the District of Arizona[8] potential tag-along action argue the action should be excluded from an MDL or, alternatively, support the Northern District of Illinois as transferee district. Defendants in the Eastern District of Louisiana potentially-related action oppose centralization and, alternatively, suggest excluding the action naming them. Notably, a number of parties initially submitted responses supporting or opposing the Section 1407 motion but later withdrew them or changed their positions in the days leading up to (and, in some cases, after) the Panel's hearing.

On the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization is not necessary at this time for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. These actions were filed in the wake of a plaintiffs' verdict in an earlier filed case against NAR, the HomeServices defendants, the Anywhere defendants, Keller Williams Realty, Inc., and RE/MAX LLC. *See Burnett, et al. v. Nat'l Assoc. of Realtors, et al.*, No. 4:19-00332 (W.D. Mo. Oct. 31, 2023), ECF No. 1294. Before and shortly after the motion for centralization was filed, nationwide class settlements were reached with Anywhere, Keller Williams, and RE/MAX, and they have been preliminarily approved. On March 15, 2024, NAR announced that it had reached a nationwide class settlement that will

---

[6]     ATX WIR LLC; CitiQuest Properties, Inc.; Fathom Realty, LLC; Greenwood King Properties II, Inc.; JP Piccinini Real Estate Services, LLC d/b/a JPA; Keller Willis San Antonio, Inc.; Mark Anthony Dimas; MJHM LLC; Moreland Properties, Inc.; PenFed Realty, LLC; RFT Enterprises, Inc.; Side, Inc.; Square MB, LLC; Team Burns, LLC d/b/a Monument Realty; and Turner Mangum LLC.

[7]     (1) Brown Harris Stevens Residential Sales, LLC, and Halstead Manhattan, LLC; (2) The Real Estate Board of New York, Inc. (REBNY) and the REBNY Residential Listing Service; (3) Level Group Inc.; (4) Serhant LLC; (5) CORE Group Marketing LLC, s/h/a Core Marketing Services LLC; (6) M.N.S. Real Estate NYC, LLC; (7) Sloane Square LLC; (8) R New York Real Estate LLC; (9) Tribeca Market Center, LLC d/b/a Keller Williams NYC, LLC; (10) Modlin Group LLC; (11) Leslie J. Garfield & Co., Inc.; and (12) Oxford Property Group LLP.

[8]     Arizona Association of Realtors, The Phoenix Board of Realtors, Scottsdale Area Association of Realtors, West and Southeast Realtors of the Valley Inc., Bortlock LLC, Retsy LLC, and Realty Executives LLC.

- 4 -

"resolve claims against NAR, over one million NAR members, all state/territorial and local REALTOR® associations, all association-owned MLSs, and all brokerages with an NAR member as principal that had a residential transaction volume in 2022 of $2 billion or below."  According to NAR's settlement announcement, NAR will pay $418 million over four years and put in place a new MLS rule prohibiting offers of broker compensation on the MLS.  The agreement excludes the HomeServices defendants and, while the deal does not automatically include NAR-affiliated brokers with more than $2 billion in transactions or MLSs that are not owned by an NAR affiliate, it purports to include a mechanism for them to opt-in.  Given the broad contours of this new settlement agreement and the changing landscape of the parties' positions on centralization, we think it wise to deny centralization at this time.  The settlement may well resolve at least some claims in this litigation, if not many.  We cannot speculate on the number of parties and claims that will remain once this and any other settlements are approved.  *See In re Wells Fargo Mortg. Modification Litig.*, 437 F. Supp. 3d 1379, 1380 (J.P.M.L. 2020).

We deny this motion based on the procedural posture of the litigation and, therefore, do not reach the issue of whether centralization would otherwise be appropriate here if these settlements had not been reached.  After settlement proceedings conclude, and it becomes evident how many claims and parties still remain and the extent to which they overlap, if at all, it may be that formal centralization is needed or, perhaps, informal coordination efforts can adequately address any duplicative pretrial proceedings.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Karen K. Caldwell*

Karen K. Caldwell
Chair

| | |
|---|---|
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |
| Madeline Cox Arleo | |

**IN RE: REAL ESTATE COMMISSION
ANTITRUST LITIGATION**                                      MDL No. 3100

## SCHEDULE A

Northern District of California

GRACE v. NATIONAL ASSOCIATION OF REALTORS, ET AL.,
    C.A. No. 4:23−06352

Northern District of Georgia

1925 HOOPER, LLC, ET AL. v. THE NATIONAL ASSOCIATION OF REALTORS,
    ET AL., C.A. No. 1:23−05392

Western District of Missouri

GIBSON, ET AL. v. NATIONAL ASSOCIATION OF REALTORS, ET AL.,
    C.A. No. 4:23−00788
UMPA v. NATIONAL ASSOCIATION OF REALTORS, ET AL., C.A. No. 4:23−00945

Southern District of New York

MARCH v. REAL ESTATE BOARD OF NEW YORK, ET AL., C.A. No. 1:23−09995

Western District of Pennsylvania

SPRING WAY CENTER, LLC, ET AL. v. WEST PENN MULTI-LIST, INC., ET AL.,
    C.A. No. 2:23−02061

District of South Carolina

BURTON v. NATIONAL ASSOCIATION OF REALTORS, ET AL.,
    C.A. No. 7:23−05666

Eastern District of Texas

QJ TEAM, LLC, ET AL. v. TEXAS ASSOCIATION OF REALTORS, INC., ET AL.,
    C.A. No. 4:23−01013
MARTIN, ET AL. v. TEXAS ASSOCIATION OF REALTORS, INC., ET AL.,
    C.A. No. 4:23−01104